Per Curiam.
 

 Defendants appeal as of right from a judgment in favor of plaintiff in this personal injury case. We affirm.
 

 At the time he was injured, plaintiff was employed by defendants. In the fall of 1995, plaintiff was one of many employees involved in a much-publicized strike against defendants. On October 2, 1995, while picketing on the sidewalk outside his place of employment, plaintiff was struck by one of defendants’ delivery trucks. As a consequence, plaintiff sustained serious physical injuries.
 

 On the day set for trial, the parties placed a settlement agreement on the record. Defense counsel announced the settlement amount and advised the court that the parties would subsequently execute a written settlement agreement. Thereafter plaintiff testified that he agreed to the terms of the agreement and acknowledged that it was a full, final, and complete settlement. The court accepted the agreement
 
 *349
 
 and requested counsel to reduce the agreement to writing.
 

 The parties were subsequently unable to agree on the terms of the written agreement. Specifically, plaintiff objected to the inclusion of an express waiver of his employee recall rights, and he refused to sign defendants’ proposed written agreement. Thereafter, plaintiff filed a motion for entry of judgment against defendants pursuant to the terms of the agreement set forth on the record. Defendants responded with a countermotion to enforce the judgment they prepared, which included a broad release of all plaintiff’s claims, including his recall rights. Following a hearing, the trial court entered judgment in plaintiff’s favor.
 

 The sole issue raised on appeal is whether the trial court erred in entering judgment based on the settlement agreement placed on the record. In support of their argument, defendants first assert that the agreement on the record contained a condition precedent that was not satisfied. Specifically, defendants argue that before the agreement could become effective, the parties were bound to execute a mutually satisfactory written agreement (the alleged condition precedent). We disagree.
 

 A settlement agreement is binding when it is made in open court. MCR 2.507(H). “An agreement to settle a pending lawsuit is a contract and is to be governed by the legal principles applicable to the construction and interpretation of contracts.”
 
 Walbridge Aldinger Co v Walcon Corp,
 
 207 Mich App 566, 571; 525 NW2d 489 (1994). “The primary goal in the construction or interpretation of any contract is to honor the intent of
 
 *350
 
 the parties.”
 
 Rasheed v Chrysler Corp,
 
 445 Mich 109, 127, n 28; 517 NW2d 19 (1994).
 

 A “condition precedent” is a fact or event that the parties intend must take place before there is a right to performance. A condition precedent is distinguished from a promise in that it creates no right or duty in itself, but is merely a limiting or modifying factor. Courts are not inclined to construe stipulations of a contract as conditions precedent unless compelled by the language in the contract.
 
 [Reed v Citizens Ins Co of America,
 
 198 Mich App 443, 447; 499 NW2d 22 (1993) (citations omitted)].
 

 We agree with the trial court’s determination that the “subject to the satisfaction of each party” language was not a condition precedent because it was not intended to limit either parties’ performance under the contract. Rather, the statement was a promise reflecting the parties’ intent to reduce the settlement agreement to writing utilizing mutually agreeable language.
 

 Defendants also argue that the trial court erred in not including a broad release from any future claims. We disagree. A review of the settlement agreement placed on the record in open court establishes that defendants agreed to pay plaintiff a specified sum of money in exchange for dismissal of the pending lawsuit. While we do not dismiss the possibility that defendants indeed contemplated incorporating additional terms and conditions into the agreement, the time to do so was in court when the agreement was placed on the record, not days or weeks thereafter.
 

 Defendants are particularly concerned about the failure to include a provision whereby plaintiff would waive his recall rights. In the absence of evidence that the issue was contemplated and agreed on at the
 
 *351
 
 time the settlement agreement was made, we find no basis for permitting defendants to unilaterally incorporate a provision regarding employment recall rights into the agreement. Plaintiffs recall rights have nothing to do with this personal injury suit. Further, it was defendants who placed the terms of the agreement on the record. If such a tangential waiver provision had been agreed on, it should have been placed on the record at that time. We note that when questioning plaintiff about the agreement, defendants never raised the issue of plaintiff waiving his recall rights. Defendants are compelled to comply with the plain and simple terms of the agreement as set forth on the record.
 

 We also reject defendants’ contention that without any reference to a waiver of plaintiff’s recall rights, the judgment violates the principles against double recovery. We note that there is no evidence in the record that plaintiff ever stated that he would never be able to return to work, or that he had no desire to do so. Instead, plaintiff reasonably concluded that given the seriousness of his injuries, it was likely that he may never be able to do his job at the newspaper again. Thus, if defendants were genuinely concerned about the possibility of plaintiff returning to work, they should have raised that issue and contemplated their options before the agreement.
 

 Affirmed.