# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 20, 2006

128621

TODD M. LUGAN,
   Plaintiff-Appellant,

v

ELIZABETH L. LUGAN,
   Defendant-Appellee.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 128621
COA: 250717
Oakland CC: 2002-669713-DO

   On order of the Court, the application for leave to appeal the March 24, 2005 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

   KELLY, J., dissents and states as follows:

   I would grant leave to appeal. This case raises an issue that cries out for our consideration: Does dismissal of the parties' first divorce action render their property settlement agreement without force during a subsequent divorce action occurring on the heels of the first?

   Here, in the course of their first divorce proceeding, the parties reached a property settlement that was placed on the record in open court. The trial court advised them that the settlement was final and binding and could not be revoked. But the parties failed to submit a judgment for the court's signature.[1] The court dismissed the case without prejudice. Neither party appealed from or moved to reinstate the divorce action.

   Eight days later, plaintiff filed a second divorce action that was assigned to the same judge. The court denied defendant's motion for adoption of the earlier settlement.

---

[1] At a hearing on August 13, 2002, the trial court asked why no proposed judgment had been submitted in the first proceeding. Plaintiff's attorney claimed that defendant had refused to sign the judgment. Defendant and her attorney both claimed that they had never received it.

Consequently, a second property settlement was agreed upon.  It was not as favorable to defendant as the first.

The Court of Appeals reversed, finding error in the trial court's refusal to adopt the parties' earlier settlement.  *Lugan v Lugan*, unpublished opinion per curiam of the Court of Appeals, issued March 24, 2005 (Docket No. 250717), slip op at 2.  It reasoned that the first settlement was a contract.[2]  Contracts are subject to a six-year statutory period of limitations.[3]  The Court of Appeals decided that defendant was entitled to have the contract enforced.

This Court was presented with a similar situation in *Tiedman v Tiedman*, 400 Mich 571 (1977).  However, we did not directly address whether a property settlement agreement is an enforceable contract that survives dismissal of the underlying divorce litigation.  In *Tiedman*, the parties put their property settlement on the record.  The court approved it, saying that it would sign a judgment upon presentation.

Six days later, before the trial court could enter the judgment, the plaintiff's husband died in a fire.  The plaintiff moved to dismiss the action.  The trial court held that its oral pronouncement was a rendition of a judgment and granted the divorce in a judgment *nunc pro tunc*.  The Court of Appeals affirmed the decision.  This Court reversed it.  Because it was contemplated that the judgment would be signed by the court *in futuro*, the divorce and property settlement could not be made effective *nunc pro tunc* after one party died.

Fourteen years later, in *Kresnak v Kresnak*, 190 Mich App 643 (1991), the Court of Appeals addressed the status and enforceability of a settlement agreement when one of the parties dies.  In that action, which was for separate maintenance, the agreed-upon distribution of property was read into the record and orally approved by the court, as it was here.  Mr. Kresnak died before entry of the written judgment.  The personal representative of his estate moved to enforce the separate maintenance agreement.  Mrs. Kresnak opposed the motion, arguing that the court no longer had jurisdiction because of Mr. Kresnak's death.  The circuit court disagreed and entered a written judgment

---

[2] *Mikonczyk v Detroit Newspapers, Inc*, 238 Mich App 347 (1999).  A settlement agreement is binding when the parties articulate its terms on the record in open court, even if it is not reduced to writing.  *Id.* at 349.  In addition, a settlement agreement is binding when it is made in open court. MCR 2.507(H).

[3] *Michigan Mut Ins Co v Indiana Ins Co,* 247 Mich App 480 (2001), lv den 466 Mich 858 (2002).  A settlement made in open court is enforceable as a contract and is governed by the legal principles applicable to the construction and interpretation of contracts.  *Id*. at 484.

consistent with the terms of the property settlement agreement. Mrs. Kresnak appealed from the denial of her motion for reconsideration, relying almost exclusively on *Tiedman*.

The Court of Appeals acknowledged that *Tiedman* appeared to control, but deemed it appropriate to limit *Tiedman* to its facts. *Id.* at 648. The Court adopted as its own the observations in anno: *Separation agreements: Enforceability of provision affecting property rights upon death of one party prior to final judgment of divorce,* 67 ALR4th 237, pp 240-241. The article indicates that separation agreements are governed by rules of contract. As a general rule, the death of a party does not divest a court of jurisdiction to enter a judgment incorporating a property settlement agreement that the parties intended to be effective.

The Court of Appeals in this case[4] relied on *Kresnak* and determined that

> [o]nce the second divorce action began, the trial court should have afforded the same level of respect for the parties' settlement agreement that the law affords antenuptial agreements, *Rinvelt* [*v Rinvelt,* 190 Mich App 372 (1991)], or agreements entered into after separation in anticipation of divorce, *Kull* [*v Losch*, 328 Mich 519 (1950)].

In both *Tiedman* and *Kresnak,* a party to the divorce action died. Here, there was no death, but rather a different intervening event, dismissal of the first action. Dismissal without prejudice ordinarily terminates proceedings. *Northrup v Jay*, 262 Mich 463 (1933). The defendant here asserts that a settlement placed on the record is a contract. She argues that dismissal of a divorce proceeding does not terminate an existing, enforceable contract such as the first settlement agreement in this case. Hence, she reasons, the express intent of the parties to the contract should control. *Mikonczyk*, *supra* at 349-350.

Clearly, there is no clear precedent from this Court or the Court of Appeals, and confusion exists in the state of the law on this question. The *Kresnak* decision involved separate maintenance and the death of one party. By denying leave to appeal here, the Court allows *Kresnak* to be expanded to an action for divorce where the same action had recently been dismissed. It would be helpful to the bench and bar if this Court were to itself consider the applicability of *Kresnak* and expand on or limit its 1977 ruling in *Tiedman*.

---

[4] *Lugan, supra*, slip op at 4.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 20, 2006

*Corbin R. Davis*

Clerk