# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 20, 2006

129325 & (84)

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

RODNEY LAZARA SCOTT,
      Defendant-Appellant.

SC: 129325
COA: 251113
Wayne CC: 02-006183-01

_____/

On order of the Court, the application for leave to appeal the May 12, 2005 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. The motion to direct the prosecutor to serve an answer on defendant is DENIED as moot, the prosecutor having filed a proof of service stating that a copy of the answer was mailed to defendant on November 1, 2005.

YOUNG, J., concurs and states as follows:

I concur in the order to deny leave to appeal. I write separately to address Justice Kelly's argument that the defendant has the right to file multiple "Standard 4" pro se briefs.

A jury convicted defendant of possession of more than 650 grams of cocaine. Defendant's first appointed appellate attorney filed a brief for defendant. Defendant filed a supplemental brief *in propria persona*. He then asked his appellate attorney to withdraw. A second appointed appellate attorney also eventually withdrew. The Court of Appeals allowed his third appointed appellate attorney 28 days to file a *supplemental* brief. That attorney advised defendant that he was unsure whether defendant could file a *second* pro se brief, but that at the latest, such a brief must be filed within 84 days. The Court of Appeals issued its opinion before the 84 days elapsed.

Administrative Order No. 2004-6, Standard 4, allows a defendant to file a brief *in propria persona*, raising issues that the defendant's attorney does not believe are meritorious. Standard 4 states: "Defendant's filing shall consist of *one* brief filed with or

without an appropriate accompanying motion." (Emphasis added.) In this case, defendant did in fact file a brief and the Court of Appeals considered it. Because the rule does not provide for multiple pro se briefs, there is no basis in the text of the rule to conclude, as Justice Kelly does, that the defendant is entitled to file more than one pro se brief.

KELLY, J., dissents and states as follows:

I would grant leave to appeal in this case. The Court should clearly interpret a defendant's right to file a brief in propria persona under Administrative Order No. 2004-6, Standard 4.

Standard 4 allows a defendant to file one pro se brief after his or her counsel's brief has been filed. In this case, defendant had three appellate attorneys. After the first filed a brief that defendant believed to be inadequate, defendant submitted a pro se brief. His third attorney filed a new brief on March 16 that replaced the first attorney's brief. Arguably, according to Standard 4, defendant had 84 days, or until June 8, to file his pro se brief. However, on May 12, 27 days before the 84-day period expired, the Court of Appeals issued its decision affirming defendant's conviction. Defendant had not yet filed his brief.

Defendant moved for reconsideration. He argued that, by deciding his case before the 84-day period had expired, the Court of Appeals deprived him of his right to file a pro se brief. Without explanation, the Court denied the motion by order.

Reasonable minds could differ on whether, under Standard 4, defendant was entitled to file a second brief in propria persona. Some might argue that a defendant is entitled to only one pro se brief, even if, as here, (1) that brief became obsolete after the final attorney's brief was filed, and (2) it was not filed after appellant's final brief. Standard 4 reads: "The defendant's filing *in propria persona* must be received by the Court of Appeals within 84 days *after* the appellant's brief is filed by the attorney . . . ."

The sequence of brief filings in this case could not have been anticipated by defendant, and Standard 4 is equivocal. Because of that, I believe that the Court of Appeals should have given defendant the benefit of the more generous reading of the rule.

This Court should grant leave to appeal and interpret Standard 4 so that the question that has arisen here is answered. If a defendant is entitled to only one brief in propria persona, even if it is filed before his attorney's final brief, we should make that clear. Then, presumably, the situation would not occur, as it did here, that counsel tells his client that he may have 84 days to file a brief when, in fact, he does not.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 20, 2006

d0117

Clerk