REAL ESTATE ONE v HELLER

Docket No. 267041. Submitted June 14, 2006, at Detroit. Decided July 6, 2006. Approved for publication August 29, 2006, at 9:05 a.m.

Real Estate One brought an action for breach of contract and fraud in the Oakland Circuit Court against Wendy Heller. The parties had entered into a real estate listing agreement for the sale or lease of the defendant's home. The defendant subsequently entered into a lease that provided that, if the home were offered for sale, the tenant would have a right of first refusal and the defendant would pay a commission. The plaintiff alleged that the tenant purchased the home, but the defendant did not pay the commission to the plaintiff. The court, John J. McDonald, J., granted the defendant summary disposition, concluding that the defendant had not offered the home for sale and that the plaintiff had done nothing to market it. The plaintiff appealed.

The Court of Appeals *held*:

The trial court erred when it granted the defendant summary disposition. The plain language of the lease agreement between the defendant and her tenant provided that the defendant agreed to undertake a promise directly for the benefit of the plaintiff. The plaintiff was thus clearly an intended third-party beneficiary of that contract and may enforce its rights under it. The language of the lease is not ambiguous on its face. It can only be interpreted to mean that, if the defendant sold the home to the tenant that the plaintiff procured for her, the defendant must pay the commission to the plaintiff. The terms of the lease concerning an offer and a right of first refusal were not conditions precedent because the plain language of the lease does not indicate that the parties intended them to be obligatory conditions before the plaintiff's right to a commission arises. Nor did the lease require the defendant to formally list the property to receive the commission.

Reversed and remanded.

*Wood, Kull, Herschfus, Obee & Kull, P.C.* (by *Brian H. Herschfus* and *Kevin J. Campbell*), for the plaintiff.

*Jackier Gould, P.C.* (by *Jonathan B. Frank* and *Bradley K. Feldman*), for the defendant.

Before: BANDSTRA, P.J., and SAAD and OWENS, JJ.

SAAD, J. Plaintiff, Real Estate One, appeals the trial court's order that granted summary disposition to defendant, Wendy Heller. We reverse and remand for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

In 1997, Real Estate One entered into a real estate listing agreement with Wendy Heller and her late husband, Dr. Mark Heller. Neither party has produced a copy of the listing agreement. However, the parties agree that Real Estate One agreed to list the Hellers' home in Bloomfield Hills for sale or lease. On October 15, 1997, the Hellers entered into a lease agreement with Stuart Gorelick, and the agreement stated that, "in the event this property is offered for sale, Tenant(s) has first right to refusal to purchase it at a price to be determined at that time and the Landlord/Seller will pay a commission of <u>six percent</u>."

Dr. Mark Heller died in January 1999, and, according to an affidavit signed by Gorelick, Gorelick called Wendy Heller in the spring of 1999 to offer his condolences. During that phone call, Gorelick also offered to buy the house, but Gorelick asserts that Heller told him that the house was not for sale. Nonetheless, on June 1, 1999, Heller entered into an agreement with Gorelick to sell the house to him on a land contract for $850,000. In May 2001, Gorelick fulfilled his obligations under the contract and became the fee-simple owner of the property. Heller did not pay a six-percent commission to Real Estate One.

Real Estate One filed this breach of contract and fraud action against Wendy Heller on May 18, 2005, and alleged that, because Gorelick bought the property, Heller breached the agreement by failing to pay the six-percent commission to Real Estate One.[1] Heller filed a motion for summary disposition pursuant to MCR 2.116(C)(8) and (10), and, following oral argument, the trial court granted summary disposition to Heller on the grounds that Heller did not offer the property for sale and that Real Estate One did nothing to market the property.

## II. ANALYSIS

Real Estate One argues that the trial court erred when it granted summary disposition to Heller because the agreement is clear and unambiguous and does not require the fulfillment of any alleged conditions precedent to trigger Heller's duty to pay the six-percent commission. We agree.

"This Court reviews the grant or denial of summary disposition de novo to determine if the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).[2]

---

[1] Real Estate One further claimed that Heller is liable for fraud because she promised to pay the commission and her promise was false. It also asserted that Heller is liable for silent fraud because she had a duty to inform Real Estate One that she sold the house to Gorelick and she failed to do so.

[2] The trial court did not specify on which rule it relied in granting summary disposition to Heller. However, the trial court's reasoning indicates that the trial court considered evidence outside the complaint, and, therefore, the trial court granted summary disposition pursuant to MCR 2.116(C)(10). As our Supreme Court also explained in *Maiden, supra* at 120:

A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits,

This appeal also involves the interpretation of a contract. "Contract interpretation involves issues of law that we review de novo." *Pickering v Pickering*, 268 Mich App 1, 13; 706 NW2d 835 (2005).

The disputed contract language is found in paragraph 28 of the lease agreement, which provides:

> Landlord agrees to pay Broker a commission of _____ for lease. Further, in the event this property is offered for sale, Tenant(s) has first right to refusal to purchase it at a price to be determined at that time and the Landlord/Seller will pay a commission of <u>six percent</u>.

As a preliminary matter, although not discussed by either party, Real Estate One was clearly an intended third-party beneficiary of the contract between Heller and Gorelick and may, therefore, enforce its rights under the agreement. Michigan's third-party beneficiary statute provides, in relevant part:

> Any person for whose benefit a promise is made by way of contract, as hereinafter defined, has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee.
>
> (1) A promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise had undertaken to give or to do or refrain from doing something directly to or for said person. [MCL 600.1405.]

Further, as our Supreme Court explained in *Schmalfeldt v North Pointe Ins Co*, 469 Mich 422, 428; 670 NW2d 651 (2003):

pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10), (G)(4). *Quinto v Cross & Peters Co*, 451 Mich 358; 547 NW2d 314 (1996).

A person is a third-party beneficiary of a contract only when that contract establishes that a promisor has undertaken a promise "directly" to or for that person. MCL 600.1405; *Koenig v South Haven*, 460 Mich 667, 677; 597 NW2d 99 (1999). By using the modifier "directly," the Legislature intended "to assure that contracting parties are clearly aware that the scope of their contractual undertakings encompasses a third party, directly referred to in the contract, before the third party is able to enforce the contract." *Id.* An objective standard is to be used to determine, "from the form and meaning of the contract itself," *Kammer Asphalt v East China Twp*, 443 Mich 176, 189; 504 NW2d 635 (1993) (citation omitted), whether the promisor undertook "to give or to do or to refrain from doing something directly to or for" the person claiming third-party beneficiary status . . . .

The plain language of the lease agreement provides that Heller agreed to undertake a promise directly for the benefit of Real Estate One, and the agreement clearly encompasses Real Estate One as a third-party beneficiary.

With regard to the interpretation of the lease agreement, as this Court explained in *Werdlow v Detroit Policemen & Firemen Retirement Sys Bd of Trustees*, 269 Mich App 383, 404; 711 NW2d 404 (2006):

[T]he goal of contract construction is to determine and enforce the parties' intent on the basis of the plain language of the contract itself. *Old Kent Bank v Sobczak*, 243 Mich App 57, 63; 620 NW2d [663] (2001). If the terms of a contract are subject to two or more reasonable interpretations, a factual development occurs for which it is necessary to determine the intent of the parties. *SSC Assoc Ltd Partnership v Detroit Gen Retirement Sys*, 192 Mich App 360, 363; 480 NW2d 275 (1991). A term of a contract can be interpreted in accordance with the commonly used meanings. *Henderson v State Farm Fire & Cas Co*, 460 Mich 348, 354; 596 NW2d 190 (1999).

We hold that the language in the lease agreement is not ambiguous on its face and that the provision fairly admits of but one interpretation: If the landlord sells the property to the tenant procured by Real Estate One, the landlord must pay a six-percent commission. Accordingly, because Heller leased the property to the tenant found by Real Estate One, Gorelick, and because Heller sold the property to Gorelick, Heller must pay a six-percent commission to Real Estate One.

Heller characterizes the terms "offer[]" and "first right to refusal" as conditions precedent and argues that she was excused from paying the commission because those conditions never occurred. As this Court explained in *Mikonczyk v Detroit Newspapers, Inc*, 238 Mich App 347; 605 NW2d 360 (1999):

> "A 'condition precedent' is a fact or event that the parties intend must take place before there is a right to performance. A condition precedent is distinguished from a promise in that it creates no right or duty in itself, but is merely a limiting or modifying factor." [*Id.* at 350, quoting *Reed v Citizens Ins Co of America*, 198 Mich App 443, 447; 499 NW2d 22 (1993), overruled on other grounds, *Griffith v State Farm Mut Automobile Ins Co*, 472 Mich 521 (2005).]

However, our " '[c]ourts are not inclined to construe stipulations of a contract as conditions precedent unless compelled by the language in the contract.' " *Mikonczyk, supra* at 350, quoting *Reed, supra* at 447. Accordingly, unless the contract language itself makes clear that the parties intended a term to be a condition precedent, this Court will not read such a requirement into the contract. Here, again, the plain language of the lease agreement gives no indication that the parties intended that Heller must first list the property to solicit offers from third parties or that Heller would be relieved from her obligations under

the agreement unless Gorelick formally exercised his right of first refusal. The contract does not make the "offer[]" and "first right to refusal" conditions clearly obligatory before the right to a commission is triggered.

To avoid her obligation under the agreement, Heller complains that Real Estate One already received a commission for finding Gorelick to rent the property and that, without relisting the property, Real Estate One should have no right to the commission. However, the parties agree that they did not intend the agreement to require that Real Estate One had to be involved in the listing or offer of the property or that it had to facilitate the sale to Gorelick. In other words, Heller does not argue that, in order to earn the commission, Real Estate One had to list the property for sale and gather offers from third parties. Heller merely contends that *she* had to offer the property for sale and then give Gorelick the chance to purchase it. Had the parties intended that Heller formally list the property with Real Estate One in order to give rise to its right to the commission, they clearly could have said so in the agreement itself, but did not. Therefore, the trial court erred when it granted summary disposition to Heller on the grounds that Real Estate One did nothing to market the property for the sale.[3]

---

[3] Heller asserts that we should affirm the trial court's grant of summary disposition for the alternative reason that the listing agreement was void *ab initio* because it did not contain the nondiscrimination language required by MCL 339.2515. Heller acknowledges that Real Estate One did not raise this issue on appeal and that the trial court did not decide the issue. Accordingly, the issue is technically not preserved. *Cabrera v Ekema*, 265 Mich App 402, 412; 695 NW2d 78 (2005). In any case, the terms and enforceability of the listing agreement are not at issue because the lease agreement contains the disputed commission language. However, Heller also asserts that, "even if the Lease is determined to be the listing agreement, it is still devoid of this necessary

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

language." Whether the lease should be considered a "listing agreement" was not raised in or decided by the trial court. Further, Heller cites no case law and offers no analysis to address why the single paragraph in the lease concerning the commission would convert it into a listing agreement when the lease was signed only by Heller and the lessee, Gorelick. Heller also offers no analysis to explain why MCL 339.2515 should also apply to leases or how the Attorney General's opinion interpreting the statute, OAG, 1977-1978, No 5350, p 561 (August 2, 1978), can be read to extend the statutory requirement to a lease like the one in this case. Therefore, Heller has abandoned this issue. *Blackburne & Brown Mortgage Co v Ziomek*, 264 Mich App 615, 619; 692 NW2d 388 (2004). Moreover, we regard Heller's argument as merely a creative attempt to sidestep her obligations under the contract and note that discrimination has nothing to do with any of the issues in this case.