**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0869n.06
Filed: December 20, 2007

Nos. 05-1207/05-1418

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ANTHONY GADOMSKI, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL RENICO, Warden, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| LAWRENCE EARL GADOMSKI, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| Petitioner-Appellant, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| v. | ) | |
| | ) | **O P I N I O N** |
| LOUELLA BURKE, Warden, | ) | |
| | | |
| Respondent-Appellee. | | |

**BEFORE:**     **SILER, GIBBONS, and McKEAGUE, CIRCUIT JUDGES.**

**McKEAGUE, CIRCUIT JUDGE.**  In this consolidated appeal, brothers Anthony and

Lawrence Gadomski appeal the district court's dismissal of their habeas petitions.  For the reasons

set forth below, we affirm.

**I**

A Michigan jury convicted the brothers of various offenses related to the rape of a woman. Both Petitioners appealed to the Michigan Court of Appeals and sought leave to appeal to the Michigan Supreme Court, all of which were denied. They then returned to the trial court and filed a joint motion for relief from judgment. The trial court denied their motion. Petitioners appealed the denial to the Michigan Court of Appeals and Michigan Supreme Court, raising some, but not all, of the claims they raised in their motion for relief from judgment. The state courts denied their appeal.

The Gadomskis then filed their petitions for habeas corpus in the Eastern District of Michigan. They raised both exhausted and unexhausted claims. On the exhausted claims, the district court dismissed one of them on the merits, another as not cognizable, and the rest as procedurally defaulted. On the unexhausted claims, the district court determined that Petitioners had no available state remedy and treated the claims as procedurally defaulted. After finding that they could not show cause and prejudice, the district court dismissed all of the defaulted claims with prejudice.

Petitioners appealed.

**II**

Pursuant to 28 U.S.C. § 2253(c), a judge of this circuit granted Petitioners certificates of appealability on a single question: whether the district court should have dismissed their petitions

without prejudice so that they could return to state court to exhaust any unexhausted claims? "[T]he court of appeals will not entertain any issue that lacks district court or court of appeals certification." *In re Certificates of Appealability*, 106 F.3d 1306, 1308 (6th Cir. 1997). However, "all arguments relevant" to the certified question "are properly before this court." *Cowherd v. Million*, 380 F.3d 909, 911-12 (6th Cir. 2004).

On appeal, Petitioners focus on a single claim: whether the bailiff violated their right to a fair trial and an impartial jury by taking evidence into the jury room during deliberations. In support, they rely upon *Remmer v. United States*, where the Supreme Court held that "any private communication, contact, or tampering . . . with a juror" is "presumptively prejudicial" unless if made in accordance with court rules, with court approval, and with full knowledge of the attorneys. 347 U.S. 227, 229 (1954). There is no dispute that Petitioners did not raise this claim before either the Michigan Court of Appeals or Michigan Supreme Court in either their direct appeals or on collateral review. In that sense, the claim remains unexhausted. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

We next consider whether Petitioners have any available state court remedies left to them. *See* 28 U.S.C. § 2254(b)(1),(c). If so, the claim should be dismissed without prejudice so that they can pursue those remedies. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). If not, we must treat the claim as procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Under Michigan Court Rule ("MCR") 6.502(G), a defendant cannot file a second or subsequent motion for relief from judgment in state trial court unless the defendant can show either

a retroactive change in the law or new evidence that was not discovered before the first motion. Petitioners do not point to any retroactive change in the law, but instead rely upon the second avenue to support their *Remmer* claim.

Petitioners' argument suffers from two fundamental defects. First, they proffer no new evidence to support a second motion. Second, and related, it is clear that the evidence they do have has been known to them since their trial and sentencing. Anthony Gadomski made reference to the matter during a statement he prepared for his sentencing hearing. Adela Gadomski stated in an affidavit that she "witnessed the Bailiff take unknown documents/evidence into the Jury Room during deliberations of the above cited cases." We agree with the reasoning of the court in *Banks v. Jackson*, where it found that Michigan's court rules impose "a diligence, or constructive discovery, requirement" for second or successive motions brought under MCR 6.502 based solely on a claim of new evidence. 149 F. App'x 414, 419 n.4 (6th Cir. 2005) (citing *Souter v. Jones*, 395 F.3d 577, 583 (6th Cir. 2005) (concluding that the Michigan trial court, affirmed on appeal, denied a petitioner's MCR 6.502 motion because the purportedly new evidence "could have been presented at trial and did not demonstrate a reasonably likely chance of acquittal")); *see also* MCR 6.502 1989 staff cmt. ("The motion is to list all grounds for relief of which defendant has knowledge or with reasonable diligence should have knowledge."). Had the Gadomski brothers used reasonable diligence, they could have pressed their trial counsel or appellate counsel to look into the matter further, including requesting an evidentiary hearing. Even if their counsel refused, they could have raised their partially developed claim on direct appeal in a Standard 11 (called Standard 4 since 2004) *pro se* brief permitted under state criminal procedure. *See People v. Scott*, 708 N.W.2d 372,

373 (Mich. 2006) (Young, J., concurring) ("Administrative Order No. 2004-6, Standard 4, allows

a defendant to file a brief *in propria persona*, raising issues that the defendant's attorney does not

believe are meritorious."). Finally, they could have pursued the claim on collateral review. Having

passed up all of these avenues to develop their claim, it is clear that they are foreclosed under state

law from doing so now.

**III**

Petitioners try to get around the lack of any new evidence by arguing that their attorneys have

been ineffective at each stage of their state court proceedings. They were both represented by

counsel at trial, different counsel on direct appeal, and new counsel retained by their family on their

collateral motion. Had their attorneys raised the claim, sought discovery, and requested a hearing,

Petitioners could have discovered new evidence to show a violation of their right to a fair and

impartial jury, they contend.

However, Petitioners still have not shown that they have any available remedies to them in

state court. As discussed above, they cannot show that they have an available remedy under MCR

6.502(G) based on new evidence and are therefore precluded from bringing a second motion for

relief from judgment under that subsection. There is some question whether they could bring a

second motion by relying upon MCR 6.508(D)(3), which provides that a state court may not grant

relief to a defendant on a motion for relief from judgment based on grounds, "other than

jurisdictional defects, which could have been raised on appeal from the conviction and sentence or

in a prior motion . . . unless the defendant demonstrates" cause and prejudice. *Compare Dorch v.*

*Smith*, 105 F. App'x 650, 656 (6th Cir. 2004) (concluding that the petitioner was precluded by MCR 6.502(G) from bringing a second motion for relief from judgment in Michigan court to pursue an unexhausted claim), *with People v. Clark*, 732 N.W.2d 605, 607-08 (Mich. Ct. App. 2007) (noting that the defendant had "filed both an appeal and prior motions for relief from judgment" and addressing whether the defendant could meet the cause and prejudice requirement of MCR 6.508(D)(3) in "a subsequent motion for relief from judgment"), *and People v. Islam*, No. 257288, 2005 WL 3304105, at *1 (Mich. Ct. App. Dec. 6, 2005) (explaining that in a "*first* post-conviction motion" the "cause and prejudice" requirement of MCR 6.508(D)(3) does not apply, thereby implying a second motion would have to meet that requirement (emphasis added)). Assuming *arguendo* that a state trial court could consider a second motion by Petitioners grounded on their *Remmer* claim, it is clear that they cannot show cause for their failure to raise it in their first motion by relying upon the purported ineffective assistance of counsel. They have defaulted any claim of ineffective assistance of counsel during the trial or on direct appeal by not pursuing it on collateral review. As to their counsel on collateral review, there is no right under the federal Constitution to the effective assistance of collateral counsel, *Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005), *cert. denied*, 127 S. Ct. 380 (2006); *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 425-26 (6th Cir. 2003), and Petitioners have pointed to no other means to establish cause under MCR 6.508(D)(3).

**IV**

Accordingly, we hold that Petitioners have no available remedy in state court for their

*Remmer* claim. The district court properly treated the claim as procedurally defaulted rather than

unexhausted. Finding no error with the district court's dismissal of the claim on the merits, we

AFFIRM.