**HOME OWNERS INSURANCE COMPANY, Plaintiff,**

v.

**ADT LLC and ACE Security Systems, Inc., Defendants.**

**Case No. 15–cv–11262.**

United States District Court, E.D. Michigan, Northern Division.

Signed May 21, 2015.

Aaron K. Kirkland, Shook, Hardy & Bacon, L.L.P., Kansas City, MO, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, DISMISSING COMPLAINT, AND CANCELLING HEARING

THOMAS L. LUDINGTON, District Judge.

Plaintiff Home Owners Insurance Company, as subrogee of Daniel and Joan Cullip, filed suit against Defendants ADT LLC and ACE Security Systems for breach of contract, negligence, and fraud in the Roscommon County Circuit Court. Plaintiff contends that Defendants failed to install temperature sensors at the Cullips' home and that the Cullips suffered extensive property damage as a result. Defendants removed the case to this Court on April 2, 2015.

On April 9, 2015, Defendants filed a motion to dismiss Plaintiff's complaint. Because Plaintiff's breach of contract claims are untimely, and because Plaintiff has not alleged duties independent of Defendants' contractual obligations, Defendants' motion will be granted.

### I.

On October 9, 2012, Joann Cullip entered into an Alarm Services Contract with Defendant ADT. Exhibit, ECF No. 5. The contract provided that Defendant ADT would install temperature sensors at the Cullips' home and provide alarm monitoring services. *Id.* At some point, technicians from Defendant ACE Security Systems[1] arrived at the Cullips' home and

John M. Freel, Freel, P.C., Tawas City, MI, for Plaintiff.

---

1. The Cullips initially entered into the contract with ACE Security Systems, an independent, third-party authorized dealer for ADT. Pursuant to the terms of an agreement between ACE and ADT, ADT purchased the Cullip account and the Cullip contract was assigned to ADT. In addition, ACE performed the installation of the temperature sensors pursuant to its contract with ADT. Def.'s Mot. Dismiss 3 n. 2.

purported to install the sensors: "the ADT technician told the [Cullips] that the sensors had been provided, he told them that they had been installed, and he play-acted as if they had been provided and installed. . . ." Pl.'s Resp. 8.

At some point in the winter of 2013, a thermocouple on a furnace at the Cullips' residence broke or malfunctioned, causing the interior temperature in the home to drop. Compl. ¶ 22. As a result, a pipe on the Cullips' property froze and burse, releasing water into the residence on March 22, 2013. The Cullips' real and personal property were damaged by the water.

The Cullips reported the burst pipe and water damage to ADT, which requested permission to inspect the residence. An ADT technician performed an inspection and, on March 28, 2013, informed the Cullips that no temperature sensors had ever been installed in their residence.[2] Pl.'s Resp. 9.

At all times relevant to this action, the Cullips' real and personal property was insured by Plaintiff Home Owners Insurance Company. Compl. ¶ 6. The insurance contract contained a subrogation provision, and therefore Plaintiff, as subrogee, is suing Defendants to recover the payments it made to cover the damage to the Cullips' property. Plaintiff alleges that Defendants breached the alarm services contract, committed fraud, acted negligently, and violated the Michigan Consumer Protection Act when they failed to install the temperature sensors.

## II.

This Court may dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert v. Hartman,* 517 F.3d 433, 439 (6th Cir.2008). The pleader need not have provided "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955).

## III.

Defendants seek dismissal of Plaintiff's complaint on three grounds. First, Defendants contend that Plaintiff's breach of contract claims are untimely. Second, Defendants claim that Plaintiff's common law torts—negligence and fraud—are barred because they did not have an independent duty aside from the contractual obligations. Lastly, Defendants claim that Plaintiff's claim for violation of the Michigan Consumer Protection Act does not meet the heightened pleading standards set forth in Federal Rule of Civil Procedure 9(b) and should be dismissed.

## A.

██ Defendants first contend that Plaintiff's breach of contract claims are

---

**2.** These facts were not pleaded in the Complaint, however; nor are they supported by any kind of affidavit or deposition. Nevertheless, the Court provides the information for context.

untimely because they were not filed within the one-year limitations period established in the contract. The contract provides:

> TIME TO BRING CLAIM OR LAWSUIT. I AGREE NOT TO BRING ANY LAWSUIT OR ACTION AGAINST DEALER MORE THAN ONE (1) YEAR AFTER THE DATE OF OCCURRENCE OF THE INCIDENT THAT RESULTED IN THE LOSS, INJURY OR DAMAGE. . . .

ECF No. 5 at 5, ¶ 5(F). This type of unambiguous provision shortening the limitations period will be enforced under Michigan law: "[A]n unambiguous contractual provision providing for a shortened period of limitations is to be enforced as written unless the provision would violate law or public policy." *Rory v. Continental Ins. Co.*, 473 Mich. 457, 703 N.W.2d 23, 31 (2005).[3] Therefore, Plaintiff had one year after the date of the incident—March 22, 2013—in which to file suit against Defendants. Plaintiff, however, did not file suit until December 23, 2014—about nine months after the limitations period expired.

Nonetheless, the Michigan Supreme Court has recognized that a contract provision shortening a statute of limitations may be subject to "traditional contract defenses . . . may be used to avoid the enforcement of the contract provision." *Rory*, 703 N.W.2d at 31. And indeed, Plaintiff asserts a litany of typical contract "defenses" in arguing that the one-year time period should not be enforced: unconscionability, implied covenant of good faith and fair dealing, frustration of purpose, condition precedent, and fraud.

**i.**

■ First, Plaintiff contends that the provision shortening the period of limitations is unconscionable and should not be enforced. "In order for a contract or contract provision to be considered unconscionable, *both procedural and substantive unconscionability must be present.*" *Clark v. DaimlerChrysler Corp.*, 268 Mich. App. 138, 706 N.W.2d 471, 474 (2005) (emphasis added).

■ Procedural unconscionability exists when the weaker party had no realistic alternative to acceptance of the term. *Allen v. Michigan Bell Tel. Co.*, 18 Mich.App. 632, 171 N.W.2d 689, 692 (1969). If, under a fair appraisal of the circumstances, the weaker party was free to accept or reject the term, there was no procedural unconscionability. *Id.* Here, Plaintiff has not argued that the Cullips had "no realistic alternative" to buying Defendants' goods and services. For example, Plaintiff does not argue that the Cullips were forced or required to buy the goods and services, or even that Defendants were the only providers of those goods and services. Therefore, while the Cullips' bargaining power may have been unequal to that of Defendants, they nevertheless had the ability to decline entering into the contract with Defendants.

■ Substantive unconscionability exists where the challenged term is not substantively reasonable. However, a contract provision is not per se substantively unconscionable simply because it is foolish for one party and advantageous to the other. Instead, a term is substantively unreasonable where the inequity of the term is so extreme as to shock the conscience. *Id.*

---

**3.** Plaintiff does not allege that the contract provision is ambiguous, nor does it allege that the provision violates law or public policy.

▉ While the contract provision shortening the applicable statute of limitations favors Defendants, the advantage given to Defendants in the contract does not shock the conscience. The Cullips (or their subrogee) still had one year in which to file their claim for breach of contract. *See, e.g., Clark,* 706 N.W.2d at 475 (contract provision shortening civil rights claim period from three years to six months not unreasonable). Moreover, the Michigan Supreme Court has warned courts not to "revise or void the unambiguous language of [an] agreement to achieve a result that it views as fairer or more reasonable." *Rory,* 703 N.W.2d at 42. Accordingly, the provision shortening the time in which to bring claims is neither procedurally nor substantively unconscionable, and this defense is unavailing.

### ii.

▉ Next, Plaintiff contends that Defendants violated the implied covenant of good faith and fair dealing by "knowingly with[olding] delivery *and* installation of the device that was the very object and purpose of Contract A." Pl.'s Resp. 20 (emphasis original). Generally, under Michigan law, there exists an implied covenant of good faith and fair dealing in all contracts "that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Hammond v. United of Oakland, Inc.,* 193 Mich.App. 146, 483 N.W.2d 652, 655 (1992). In other words, violation of the implied covenant is an independent *claim* in addition to breach of contract, not a *defense* to enforcement of a contract provision. *See Belle Isle Grill Corp. v. Detroit,* 256 Mich. App. 463, 666 N.W.2d 271, 279–80 (2003) (Michigan does not recognize an action separate from an action on the underlying contract for breach of an implied covenant of good faith and fair dealing).

Indeed, Plaintiff does not explain how the alleged bad faith performance of the contract (i.e., lying about the installation of the temperature sensors) would invalidate the limitations provision. Plaintiff does not allege that Defendants acted in bad faith in creating or including the limitations provision, nor does Plaintiff allege that a shortened limitations period contravenes "fair dealing." Thus, Defendants' alleged bad faith in the non-performance of the contract provides Plaintiff with a contract claim—not a defense to enforcement of the contract provision.

### iii.

▉ Plaintiff next contends that the limitations provision should not be enforced pursuant to the doctrine of frustration of purpose, which provides an excuse for nonperformance of a contractual obligation. *Rooyakker & Sitz, P.L.L.C. v. Plante & Moran, P.L.L.C.,* 276 Mich.App. 146, 742 N.W.2d 409, 419 (2007) (citing *Liggett Restaurant Group, Inc. v. City of Pontiac,* 260 Mich.App. 127, 676 N.W.2d 633, 637 (2003)). Generally, the doctrine is "asserted where 'a change in circumstances makes one party's performance virtually worthless to the other, frustrating his purpose in making the contract.' " *Id.*

▉ But again, the frustration of purpose doctrine is not a contract defense that would invalidate the limitations provision. Instead, the doctrine "provides an excuse for nonperformance". Plaintiff is not seeking to excuse its own nonperformance; indeed, it appears that Plaintiff (via the Cullips) fulfilled its promises pursuant to the contract by remitting timely payments. Accordingly, the frustration of purpose doctrine does not provide a defense to the enforcement of the limitations provision.

### iv.

▉ Plaintiff next contends that the doctrine of condition precedent renders

the limitations provision unenforceable. A condition precedent "is a fact or event that the parties intend must take place before there is a right to performance." *Harbor Park Market, Inc. v. Gronda,* 277 Mich. App. 126, 743 N.W.2d 585, 588 (2007) (citation omitted). "If the condition is not satisfied, there is no cause of action for a failure to perform the contract." *Id.* "Whether a provision in a contract is a condition the nonfulfillment of which excuses performance depends upon the intent of the parties, to be ascertained from a fair and reasonable construction of the language used in the light of all the surrounding circumstances when they executed the contract." *MacDonald v. Perry,* 342 Mich. 578, 70 N.W.2d 721, 725 (1955). "[U]nless the contract language itself makes clear that the parties intended a term to be a condition precedent, this Court will not read such a requirement into the contract." *Real Estate One v. Heller,* 272 Mich.App. 174, 724 N.W.2d 738, 741 (2006).

 Plaintiff does not explain how the condition precedent doctrine would invalidate the limitations period provision. Plaintiff appears to contend that the condition precedent was the installation of the temperature sensors, and that all other provisions of the contract are unenforceable until Defendants do so. But, once again, this argument is not a defense to the enforcement of the limitations period. Defendants' alleged failure to install temperature sensors is not a condition precedent, but the nonperformance of the contract.[4] Accordingly, the condition prec-

edent doctrine is not a defense to the enforceability of the limitations provision.

**v.**

 Lastly, Plaintiff contends that the limitations provision should not be enforced because Defendants fraudulently failed to perform the contract. Parties are entitled to bring a fraud-in-the-inducement action when they are induced into entering an agreement on the basis of false representations. *Rood v. Midwest Matrix Mart, Inc.,* 350 Mich. 559, 87 N.W.2d 186, 190 (1957).

 This argument is unavailing for a couple reasons. First, the alleged fraudulent acts—the representation that temperature sensors had been installed—occurred *after* the contact was formed. And second, as also explained below, Michigan courts have emphasized that fraud in the inducement is not available for a breach of a contract's terms: "[A] claim of fraud in the inducement, by definition, redresses misrepresentations that induce the buyer to enter into a contract *but that do not in themselves* constitute contract or warranty terms subsequently breached by the seller." *Huron Tool and Eng'g Co. v. Precision Consulting Servs., Inc.,* 209 Mich.App. 365, 532 N.W.2d 541, 546 (1995) (emphasis added). Accordingly, Plaintiff's allegations of subsequent fraud in the nonperformance of the contract do not invalidate the limitations provision.

**vi.**

By the explicit terms of the contract, Plaintiff had one year in which to bring

---

4. Plaintiff's argument is illogical on this point. If the installation of the temperature sensors was, as Plaintiff alleges, a condition precedent, then it did not occur and *there would be no cause of action for breach of contract. Harbor Park Market, Inc. v. Gronda,* 277 Mich.App. 126, 743 N.W.2d 585, 588 (2007) ("If the condition is not satisfied, there

is no cause of action for a failure to perform the contract."). Moreover, if the installation of the temperature sensors was as condition precedent, then that begs the question: What then was Defendants' duty of performance under the contract? Plaintiff appears to contend that a condition precedent and a duty of performance are identical.

breach of contract claims. Plaintiff, however, did not file its suit until about nine months after the limitations period expired. And Plaintiff has not identified a contract defense that would invalidate the limitations provision. Therefore, Plaintiff's breach of contract claims will be dismissed.

## B.

 Defendants next seek dismissal of Plaintiff's tort claims for negligence and fraud because Plaintiff's injuries sound in contract. Michigan courts—and federal courts applying Michigan law—have long held that breach of a contract, even if done in bad faith, does not give rise to a separate and independent tort claim. *E.g., Cromer v. Safeco Ins. Co. of Am.*, 2010 WL 1494469, at *3 (E.D.Mich. Apr. 14, 2010); *Red Cedars, Inc. v. Westchester Fire Ins. Co.*, 686 F.Supp. 614, 615 (E.D.Mich.1988); *Casey v. Auto Owners Ins. Co.*, 273 Mich. App. 388, 729 N.W.2d 277, 286–87 (2006). Rather, there must exist some tortious conduct wholly independent of the contractual breach. *Soc'y of St. Vincent De Paul v. Mt. Hawley Ins. Co.*, 49 F.Supp.2d 1011, 1019 (E.D.Mich.1999) ("Michigan law recognizes a tort claim only when a plaintiff's complaint alleges the breach of duties existing independent of and apart from the contract of insurance.").

Here, Plaintiff is attempting to bring negligence and fraud tort claims against Defendants for failure to perform under the contract: "The defendants actively and (or) passively concealed their non-performance of contract A and (or) misled the subrogors with respect to the non-installation of a temperature sensor at the premises." Compl. ¶ 19. Thus, Plaintiff alleges that Defendants failed to perform a contractual promise to install the sensors, and therefore Plaintiff cannot proceed with its tort claims absent an allegation that Defendants had a duty to act that is separate and distinct from the promise to install the

temperature sensors. Therefore, Plaintiff's common law tort claims will be dismissed.

## C.

 Lastly, Defendants seek dismissal of Plaintiff's Michigan Consumer Protection Act ("MCPA") claim for failure to comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). This Rule requires a party plead "with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b); *see also In re Packaged Ice*, 779 F.Supp.2d 642, 666 (E.D.Mich. 2011) (noting that Rule 9(b) applies to MCPA claims based on fraud). The Sixth Circuit reads Rule 9(b) liberally, requiring a plaintiff, at a minimum, to "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent; and the injury resulting from the fraud." *See Coffey v. Foamex L.P.*, 2 F.3d 157, 161–62 (6th Cir.1993).

 Here, Plaintiff's complaint does not meet the heightened pleading requirements. All Plaintiff alleges is that "[t]he defendants actively and (or) passively concealed their nonperformance of [the contract] and (or) misled the subrogors with respect to the non-installation of a temperature sensor at the premises." Compl. ¶ 19. Plaintiff does not allege the time, the place, or the person making the misrepresentation. Nor does Plaintiff allege the content of the misrepresentation. Instead, Plaintiff repeats conclusory allegations that Defendants "concealed" or "misled" the Cullips about the "non-installation of a temperature sensor." Moreover, Plaintiff has not even identified which section of the MCPA Defendants allegedly violated. *See* Compl. ¶ 33 ("The

defendant's practices constitute a violation of MCL § 445.901 *et seq.*, the Michigan Consumer Protection Act."). Because Plaintiff's claim for violation of the MCPA does not meet Rule 9(b)'s heightened pleading requirements, this claim will be dismissed.[5]

### IV.

Accordingly, it is **ORDERED** that Defendants' Motion to Dismiss (ECF No. 2) is **GRANTED.**

It is further **ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED.**

It is further **ORDERED** that the motion hearing set for July 8, 2015 is **CANCELLED.**

---

5. In its response, Plaintiff requests a chance to amend its complaint if "the court agrees with defendants' motion either in whole or in part and does not find that any given cause is sufficiently pleaded in the complaint...." Resp. 24. However, this Court's rules prohibit requests for specific relief from the Court as a part of a response to an opponent's motion. *See* Motion Practice Guidelines for Judge Thomas L. Ludington, Separate Motion and Brief, available at http://www.mied.uscourts.gov/Judges/guidelines/topic.cfm?topic_id=360 ("Motions may not be included within or appended to a response or a reply."). Accordingly, the portion of Plaintiff's response requesting permission to amend its complaint will be disregarded.