## MEHLING v. EVENING NEWS ASSOCIATION.

1. APPEAL AND ERROR—SPECIFIC PERFORMANCE—FINDING OF COURT—
   EVIDENCE.

   Finding of fact by trial judge that requirement of disagreement
   had been met in nonjury action for specific performance of
   agreement to arbitrate rental payment under long-term lease
   is accepted on appeal from judgment for defendant, where
   there is ample support for such finding.

2. CONTRACTS—CONDITION PRECEDENT—PERFORMANCE.

   A promisor impliedly agrees he will place no obstacle in the way
   of the happening of a future event upon the occurrence of
   which a contract is performable, particularly where it is de-
   pendent in whole or in part on his own act, and where he
   prevents the fulfillment of a condition precedent or its per-
   formance by the adverse party, he cannot rely on such condition
   to defeat his liability.

3. SAME—CONDITION PRECEDENT—WAIVER.

   The performance of a condition precedent in a contract is dis-
   charged or excused, and the conditional promise made an
   absolute one, where the promisor himself waives the perform-
   ance.

4. LANDLORD AND TENANT—LONG-TERM LEASE—ARBITRATION OF
   RENTAL PAYMENT—APPRAISERS' FEES.

   Trial judge's finding that plaintiffs had refused to meet with
   defendants to agree upon fees for the appraisers who were
   appointed to make decennial determination of rental payment
   under a long-term lease thus making the condition inoperative
   *held,* supported by evidence.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 839.
[2] 17 Am Jur 2d, Contracts §§ 361, 427.
[3] 17 Am Jur 2d, Contracts §§ 361, 392.
[4] 32 Am Jur, Landlord and Tenant § 965.
  5 Am Jur 2d, Arbitration and Award §§ 51-53.

Appeal from Wayne; Rashid (Joseph G.), J. Submitted November 6, 1964. (Calendar No. 69, Docket No. 50,208.) Decided January 5, 1965.

Complaint by George F. Mehling and Eunella C. Mehling against the Evening News Association, a Michigan corporation, for specific performance of an agreement to arbitrate the rental payment under a long-term lease. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Chris M. Youngjohn,* for plaintiffs.

*Butzel, Eaman, Long, Gust & Kennedy* (*Rockwell T. Gust* and *John L. Vanker, Jr.,* of counsel), for defendant.

Adams, J. The parties involved in this case are successors under a 96-year lease that contains a provision for decennially setting a value on leased land. The annual rental is then to be computed at 6% of that figure. As the final step for determination of value, the parties being unable to reach agreement, the lease provides:

"The 2 appraisers shall appraise the said reasonable value of said land. In the event that the 2 appraisers so appointed cannot agree, they shall select a third appraiser, and the decision of any 2 of the 3 appraisers shall be binding."

Between December 14, 1959, and July, 1960, plaintiffs and the Times, defendant's predecessor in interest, attempted unsuccessfully to agree. The Times invoked the appraisal procedure and each party appointed appraisers.

After one or more telephone conversations between the appraisers, the Times' appraiser suggested that it would be necessary to appoint a third

appraiser and submitted three names. All three were rejected. Plaintiff George Mehling, an attorney, then made an intensive investigation as to possible appraisers, including an interview in his office with William V. Louks. Plaintiffs' appraiser submitted three names, including Louks. He was chosen by the Times' appraiser, and appointed by written designation that had the approval of plaintiff George Mehling. Immediately thereafter, at a conference of the appraisers, it appeared that Louks' ideas of value did not conform to plaintiffs'. This was reported by plaintiffs' appraiser to plaintiff George Mehling. Shortly thereafter, plaintiffs' appraiser wrote Louks to inform him that his appointment was of no effect because it had not been established that plaintiffs' and defendant's appraisers could not agree.

There is ample testimony to the effect that the two appraisers disagreed on evaluation and also that they actually did not disagree, at least in so many words. The trial judge found that the requirement of disagreement had been met. The finding is one of fact, and, since it is amply supported, we accept it.

Plaintiffs next contend that compensation for appraisers had to be agreed upon before the appraisers could make a valuation. The lease provides:

"[the appraisers] shall be paid a reasonable compensation which shall be agreed upon at the time of their appointment and before they enter upon the performance of their duties."

It is admitted that no agreement was ever reached as to compensation.

On April 14, 1961, the News, having come into the picture as successor to the Times, wrote the appraisers requesting a meeting on April 21, 1961. Plaintiff George Mehling obtained an adjournment of this meeting to explore rental with the new lessee.

He was shortly advised by the News' attorney that it was not interested in further negotiations and wanted to proceed to appraisal. By a letter dated April 21, 1961, defendant's attorney notified the plaintiffs and the three appraisers of a meeting to be held on May 2, 1961. Neither the plaintiffs nor their appraiser attended this meeting. No appraisal was made until several meetings later. Only the defendant's appraiser and the third appraiser attended these further meetings. By a letter dated June 1, 1961, defendant's appraiser joined with Louks, the third appraiser, in a valuation of $29,500.

The trial judge found that the plaintiffs refused to meet with the News to agree upon fees for the appraisers, thus making this condition inoperative. In *Hayes* v. *Beyer,* 284 Mich 60, 64, 65, this Court quoted from 13 CJ, Contracts, § 722, p 648:

" 'Where a contract is performable on the occurrence of a future event, there is an implied agreement that the promisor will place no obstacle in the way of the happening of such event, particularly where it is dependent in whole or in part on his own act; and where he prevents the fulfillment of a condition precedent or its performance by the adverse party, he cannot rely on such condition to defeat his liability. * * * Hence, the performance of a condition precedent is discharged or excused, and the conditional promise made an absolute one, where the promisor himself * * * waives the performance.' "

There is evidence to support the view that the plaintiffs refused to agree on fees for the appraisers. The trial judge's finding of fact is in accord with the correct rule of law. We find no error.

Affirmed. Costs to appellee.

Kavanagh, C. J., and Dethmers, Kelly, Black, Souris, Smith, and O'Hara, JJ., concurred.