## LEE v. DESENBERG.

1. BROKERS—COMMISSIONS—COMPLETION OF DEAL.
   An owner becomes liable to a broker for a commission when the latter produces an enforceable contract and the owner then neglects or refuses to complete the deal, sells to another, or takes such action as may prevent the completion of the transaction.

2. CONTRACTS—PERFORMANCE AT HAPPENING OF FUTURE EVENT.
   There is an implied agreement that the promisor will place no obstacle in the way of the happening of a future event upon the occurrence of which the contract is performable, particularly where it is dependent in whole or in part on the promisor's own act.

3. BROKERS—COMMISSIONS—PREVENTION OF COMPLETION BY OWNER.
   The failure of the completion of transaction by reason of owner's settlement of his suit for specific performance of contract for sale of premises which plaintiff broker had negotiated did not relieve the owner of liability for *any* of the *entire* commission plaintiff had earned under agreement permitting broker only half the commission in the event the purchaser forfeited the deposit, since the owner himself has prevented completion of the transaction.

Appeal from Common Pleas Court of Detroit; Pernick (Joseph J.), J. Submitted Division 1 January 4, 1966, at Detroit. (Docket No. 778.) Decided February 22, 1966.

Declaration by Thomas F. Lee against Harold B. Desenberg and Rose P. Desenberg for commis-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 12 Am Jur 2d, Brokers § 160.
[2] 17 Am Jur 2d, Contracts §§ 400, 442.
[3] 12 Am Jur 2d, Brokers § 199.

sions under a contract to act as a real-estate broker. Judgment for plaintiff. Defendants appeal. Affirmed.

*A. L. Bauman,* for plaintiff.

*Moll, Desenberg, Purdy, Glover & Bayer (Jon P. Desenberg,* of counsel), for defendants.

J. H. Gillis, J. This is a real-estate broker's suit for commission. Plaintiff Thomas F. Lee, a licensed real-estate broker, located a prospective purchaser for a vacant lot owned by the defendants Harold B. Desenberg and Rose P. Desenberg. The defendants entered into an oral agreement to sell and the purchaser agreed to buy a vacant lot for $16,000. The agreement was reduced to writing and signed by the defendants, the vendee and the broker on the standard Detroit real-estate board agreement of sale form, the pertinent provision of which provided as follows:

"The foregoing offer is hereby accepted and the seller agrees to sell said premises upon the terms stated. Receipt of the deposit money is acknowledged and said money is hereby delivered to the broker to be held in accordance with the terms hereof and under the regulations of the Michigan corporation & securities commission.

"The seller hereby agrees to pay the broker for services rendered and for value received a commission of $1,050 (10/5% percent of the sale price), which shall be due and payable at the time set in said offer for the consummation of the sale or, if unconsummated, at the time of seller's election to refund the deposit, or of seller's or purchaser's failure, inability or refusal to perform the conditions of this offer; provided, however, that if the deposit is forfeited under the terms of said offer, the seller agrees that one-half of such deposit (but not in excess of the amount of the full commission) shall be paid to or

retained by the broker in full payment for services rendered."

The purchaser, one Nassar, deposited a check for $1,000 with the broker. The broker could not get the check certified. The defendants ascertained that the $1,000 check was not collectible, elected to enforce the agreement of sale, and commenced proceedings in the Wayne county circuit court against Nassar for specific performance.

After circuit court pleadings were complete and discovery taken, the Desenbergs' motion for summary judgment of specific performance was granted. Attached to the motion for summary judgment was an affidavit executed by the broker. Thereafter, pending the hearing on a motion to settle and enter the judgment for specific performance, the Desenbergs settled their circuit court claim by accepting the sum of $2,750 and retention of their property. The plaintiff thereafter commenced a suit in the common pleas court for the city of Detroit against the defendants for his commission. The defendants by answer denied plaintiff was entitled to a real-estate commission. After trial without a jury, the learned trial judge determined that a commission was due the plaintiff and entered a judgment for same with costs against the defendants.

This Court must decide the following: Is the owner of real estate liable to his broker for the commission agreed upon between them when such owner, although not required to do so, sues for specific performance of the contract of sale, prevails on a motion for summary judgment, but settles his claim before entry of the judgment?

Defendants contend that the $2,750 which they collected in the Wayne county circuit court suit was a recovery of a forfeiture and pursuant to the pertinent paragraph in the agreement of sale, the real-

estate broker is only entitled to one-half of the deposit and that, therefore, the plaintiff-broker, while entitled to $500, is entitled to nothing else. Appellants however did not attempt to forfeit the deposit but made an election to sue for specific performance relying therefor upon the agreement procured by the plaintiff herein. In the circuit court action the Desenbergs argued successfully that there was a completed valid contract between the parties for the sale of the vacant lot and in their motion for summary judgment attached an affidavit of the broker in support thereof. The Desenbergs' decision to thereafter settle their lawsuit after prevailing on their motion for summary judgment was of their own choosing. The broker was not a party to that lawsuit or settlement.

In Michigan the owner becomes liable to the broker for a commission when the broker produces an enforceable contract and the owner then neglects or refuses to complete the deal, sells to another, or takes such action as may prevent the completion of the transaction. In *Greenberg* v. *Sakwinski* (1920), 211 Mich 498, the owner sold to another after having accepted the deal produced by the broker. He was held liable for the commission. In *Hayes* v. *Beyer* (1938), 284 Mich 60, the land owner entered into a valid, enforceable land contract with the vendee and agreed to pay the broker out of the monthly payments. After a few payments the land owner bought the land back from the purchaser and declined to pay the broker the balance of the commission. The Court held the defendant liable for the commission because he had prevented consummation of the sale. In *Advance Realty Company* v. *Spanos* (1957), 348 Mich 464, the Court held that the broker was entitled to a commission pursuant to an exclusive listing after the owner refused to accept a written offer to pur-

chase on terms and conditions outlined in the listing agreement.

In 17A CJS, Contracts, § 468, p 645, the rule is well stated:

"Where a contract is performable on the occurrence of a future event, there is an implied agreement that the promisor will place no obstacle in the way of the happening of such event, particularly where it is dependent in whole or in part on his own act; and, where he prevents, hinders, or renders impossible, the fulfillment of a condition precedent or its performance by the adverse party, or is himself the cause of failure to perform the condition, he cannot rely on such condition to defeat his liability."

Whether the owner of the property refuses to complete the sale, sells to another, or settles his rights after prevailing, as in the instant case, on a motion for summary judgment, is a distinction without a difference. In each of these instances the property owner has prevented the completion of the transaction.

Judgment affirmed. Costs to appellee.

LESINSKI, C. J., and QUINN, J., concurred.