HARBOR PARK MARKET, INC v GRONDA

Docket Nos. 267207 and 267288. Submitted October 10, 2007, at Grand Rapids. Decided October 25, 2007.

Harbor Park Market, Inc., brought an action in the Emmet Circuit Court against William and Linda Gronda and Carleton Enterprises, Inc., alleging breach of contract and seeking specific performance of the contract. The Grondas had agreed to sell their liquor license and certain party store fixtures to the plaintiff. Acceptance of the purchase agreement was expressly conditioned on the Grondas' attorney's approval of the purchase agreement. Before the attorney had an opportunity to review the agreement, the Grondas accepted an offer by Carleton to purchase their real estate, business, liquor license, and fixtures. Acceptance of that purchase agreement was also expressly conditioned on the approval of the purchase agreement by the Grondas' attorney. The Grondas' attorney reviewed the competing agreements together and approved the Carleton agreement. The court, Charles W. Johnson, J., ordered specific performance of the Harbor Park Market agreement, determining that the Grondas had placed an obstacle in the way of their attorney's approval of the agreement and hindered the fulfillment of the condition precedent regarding acceptance of the agreement by the attorney. The defendants brought separate appeals, and the appeals were consolidated.

The Court of Appeals *held*:

1. A party to a contract must prevent a condition precedent from occurring either by taking some affirmative action or by refusing to take action required under the contract before a court will find a waiver of the condition precedent.

2. The clear and unambiguous language of the Harbor Park Market agreement gave the Grondas' attorney complete discretion to approve or disapprove the agreement and did not restrict the attorney's approval authority. The Grondas did not actively interfere with their attorney's approval of the Harbor Park Market agreement and did not fail to perform as required by the agreement.

3. The trial court erred in holding that the Grondas acted in bad faith in submitting both agreements to their attorney at the

same time. The Harbor Park Market agreement did not forbid the Grondas from considering other offers or require them to take the property off the market while their attorney reviewed the agreement. Considering that the second purchase agreement was legally permissible because the first was only conditionally accepted, it was not bad faith to accept and submit the second agreement for review.

4. The Harbor Park Market purchase agreement was not enforceable because the condition precedent was not satisfied. The order granting specific performance of the agreement must be reversed and the matter must be remanded for the entry of a judgment in favor of the defendants.

Reversed and remanded.

1. CONTRACTS — CONDITIONS PRECEDENT — WAIVER.

A party to a contract that contains a condition precedent to the right to performance of the contract must prevent the condition precedent from occurring either by taking some affirmative action or by refusing to take action required under the contract before the party can be found to have waived the performance of the condition precedent.

2. CONTRACTS — BUY-SELL AGREEMENTS — CONDITIONS PRECEDENT — ATTORNEY APPROVAL — WAIVER.

A condition precedent contained in a purchase agreement that conditioned acceptance of the purchase offer on the seller's attorney's approval of the agreement was not waived where the seller submitted a competing purchase agreement to the attorney before the first agreement was approved and the first agreement did not preclude the consideration of other offers or require the seller to take the property off the market while the attorney was reviewing the first agreement.

*Harry Ingleson II* and *William J. Donoghue, Jr.*, for the plaintiff.

*Ronald W. Powers* for William and Linda Gronda.

*Burke T. Lewis* for Carleton Enterprises, Inc.

Before: HOEKSTRA, P.J., and SAWYER and MURRAY, JJ.

MURRAY, J.

## I. INTRODUCTION

This case involves a contract dispute. Following a bench trial, the trial court entered a final order granting judgment for plaintiff, Harbor Park Market, Inc., and ordering specific performance of a contract for sale of a liquor license and fixtures between defendants William and Linda Gronda and Harbor Park Market. Defendant Carleton Enterprises, Inc., which had submitted an offer for the purchase of the Grondas' business (including liquor license and fixtures) and property, appeals the judgment as of right, as do the Grondas. The dispositive issue on appeal is whether the Grondas' act of simultaneously submitting the two agreements to their attorney for his approval improperly interfered with the condition precedent contained in the first signed agreement, i.e., the Harbor Park Market agreement. We conclude that it did not, and therefore reverse the trial court's order and remand for entry of a judgment in favor of all defendants.

## II. FACTS AND PROCEDURAL HISTORY

The material facts presented at trial are essentially undisputed. William and Linda Gronda owned a party store and land along with fixtures, equipment, and a liquor license. On October 11, 2004, Harbor Park Market submitted a $55,000 offer to the Grondas for the purchase of their liquor license and fixtures. On October 14, 2004, the Grondas accepted Harbor Park Market's offer to purchase the liquor license and fixtures; the acceptance, however, was expressly conditioned (and agreed to by Harbor Park Market) on their attorney's approval of the purchase agreement. The specific language within the agreement was: "This Purchase Agreement is subject to review & approval of attorney Lynn Stedman, on or before Oct 22, 2004." Before their

attorney had an opportunity to review the purchase agreement, the Grondas conditionally accepted a second offer, this one from Carleton Enterprises, to purchase the real property, along with the business, liquor license, and fixtures, for $250,000. That acceptance, too, was expressly conditioned on the approval of the purchase agreement by the Grondas' attorney.

Lynn Stedman, the Grondas' attorney, reviewed the competing agreements together when he returned from a vacation. He approved the Carleton agreement. The Grondas thereafter refused to complete the sale to Harbor Park Market, and, instead, attempted to close their sale with Carleton. However, Harbor Park Market filed suit for breach of contract against the Grondas and Carleton and requested specific performance of the contract.

After a one-day bench trial, the trial court concluded that, by soliciting and submitting a competing purchase agreement to Stedman for review, the Grondas placed an obstacle in the way of Stedman's approval of Harbor Park Market's agreement and hindered the fulfillment of the condition precedent:

> Here the Grondas violated their implied agreement by placing an obstacle in the way of attorney Stedman's approval of the Plaintiff's Agreement. The testimony of attorney Stedman establishes beyond dispute that it was the more favorable terms of the Carleton Agreement, procured by the Grondas after they made their Agreement with Plaintiff, that caused him to approve the Carleton Agreement and disapprove the Plaintiff's Agreement.
>
> It was the improper action of the Grondas, in procuring a competing Agreement for sale of the same liquor license, which, at a minimum hindered fulfillment of the condition precedent for approval of the Plaintiff's Agreement by attorney Stedman.

Thus, the trial court ordered specific performance of the purchase agreement between Harbor Park Market and the Grondas.

### III. ANALYSIS

The dispositive issue on appeal is whether the Grondas interfered with, and therefore waived, the condition precedent by simultaneously submitting to Stedman a second conditional agreement. We review the trial court's factual findings after a bench trial and in an equitable action for clear error, and its legal conclusions de novo. *Villadsen v Mason Co Rd Comm*, 268 Mich App 287, 303; 706 NW2d 897 (2005); *Samuel D Begola Services, Inc v Wild Bros*, 210 Mich App 636, 639; 534 NW2d 217 (1995). A trial court's findings are clearly erroneous only when the appellate court is left with a definite and firm conviction that a mistake has been made. *Id.*[1]

The goal of contract interpretation is to first determine, and then enforce, the intent of the parties based on the plain language of the agreement. *St Clair Medical, PC v Borgiel*, 270 Mich App 260, 264; 715 NW2d 914 (2006). If no reasonable person could dispute the meaning of ordinary and plain contract language, the Court must accept and enforce the language as written, unless the contract is contrary to law or public policy. *Rory v Continental Ins Co*, 473 Mich 457, 468; 703 NW2d 23 (2005). Plain and unambiguous contract

---

[1] There is some authority for the proposition that little or no deference is due a trial court's findings of fact when they are based solely on transcripts and exhibits. See *People v Zahn*, 234 Mich App 438, 445-446; 594 NW2d 120 (1999); MCR 2.613(C) ("regard shall be given to the special opportunity of the trial court to judge the credibility of the witnesses who *appeared before it*") (emphasis added). However, because our decision is based solely on the contract language, we need not decide what deference is due the factual findings made in this case.

language cannot be rewritten by the Court "under the guise of interpretation," as the parties must live by the words of their agreement. *Upjohn Co v New Hampshire Ins Co*, 438 Mich 197, 207; 476 NW2d 392 (1991). The meaning of clear and unambiguous contract language is a question of law. *Laurel Woods Apts v Roumayah,* 274 Mich App 631, 638; 734 NW2d 217 (2007).

The parties agree, and the trial court found, that the attorney-approval clause was a condition precedent. A condition precedent, like the one at issue in this case, " 'is a fact or event that the parties intend must take place before there is a right to performance.' " *Mikonczyk v Detroit Newspapers, Inc*, 238 Mich App 347, 350; 605 NW2d 360 (1999), quoting *Reed v Citizens Ins Co of America,* 198 Mich App 443, 447; 499 NW2d 22 (1993).[2] If the condition is not satisfied, there is no cause of action for a failure to perform the contract. *Berkel & Co Contractors v Christman Co*, 210 Mich App 416, 420; 533 NW2d 838 (1995). However, the Grondas, as promisors, cannot avoid liability on the contract for the failure of a condition precedent where they caused the failure of the condition. As the Supreme Court has stated, when a contract contains a condition precedent, " ' "there is an implied agreement that the promisor will place no obstacle in the way of the happening of such event . . . ." ' " *Mehling v Evening News Ass'n,* 374 Mich 349, 352; 132 NW2d 25 (1965), quoting *Hayes v Beyer,* 284 Mich 60, 64; 278 NW 764 (1938), quoting 13 CJ, Contracts, § 722, p 648; and see 17B CJS, Contracts, § 530, p 190. Where a party prevents the occurrence of a condition, the party, in effect, waives the performance

---

[2] We note at the outset that although we " ' "are not inclined to construe stipulations of a contract as conditions precedent" ' " we will do so where, as here, the clear language of the contract compels it. *Able Demolition, Inc v City of Pontiac,* 275 Mich App 577, 584; 739 NW2d 696 (2007), quoting *Mikonczyk, supra* at 350, quoting *Reed, supra* at 447.

of the condition. *Id.* " ' "Hence, the performance of a condition precedent is discharged or excused, and the conditional promise made an absolute one . . . ." ' " *Mehling, supra* at 352, quoting *Hayes, supra* at 65, quoting 13 CJ, Contracts, § 722, p 648.

Our caselaw generally reflects that a party must prevent the condition from occurring by either taking some affirmative action, or by refusing to take action required under the contract, before a court will find a waiver of a condition precedent. For example, in *Mehling, supra* at 352, the Court concluded that the plaintiffs waived the condition precedent that the parties agree on the appraiser's compensation before the property was appraised, because the plaintiffs refused to meet with the defendant and two other appraisers to discuss compensation. In *Stanton v Dachille,* 186 Mich App 247, 257-258; 463 NW2d 479 (1990), we held that the defendant waived the conditions precedent that the plaintiffs obtain satisfactory financing and soil testing when it voluntarily discontinued platting the property sold under the contract, and that without the plat, the plaintiffs had no reason to perform under the contract. See, also, *Lee v Desenberg*, 2 Mich App 365, 369; 139 NW2d 916 (1966) (this Court held that the defendants could not rely upon the fact that the sale of their property was not completed to defeat the real estate broker's claim for commission because the defendants chose to settle their lawsuit against the buyers for specific performance of the purchase agreement).

Here, the language of the contract was clear and unambiguous, and therefore its meaning could be determined as a matter of law. Quite simply, the agreement stated that the Grondas' acceptance of Harbor Park Market's offer was subject to their attorney's review and approval of "this agreement." Thus, because

there was no limitation on what aspects of the agreement were subject to Stedman's approval, Stedman was authorized to review and approve (or disapprove) any part of the contract, or the entire contract as a whole. Since the parties failed to include an express limitation in the language of the condition precedent that restricted Stedman's approval authority, we will not judicially impose one ourselves. *Upjohn Co, supra* at 207. Certainly, language limiting the scope of Stedman's approval could have been included by the parties, but it was not. Hence, because the contract language giving the Grondas' attorney complete discretion to approve or disapprove the agreement for whatever reason was clear and unambiguous,[3] it has to be accepted and enforced as written. *Rory, supra.*

Additionally, there was no finding by the trial court that the Grondas otherwise actively interfered with Stedman's approval, such as instructing the attorney to disapprove the agreement.[4] The attorney-approval clause in Harbor Park Market's agreement required the Grondas to submit the purchase agreement to their lawyer for review. The Grondas submitted the agree-

---

[3] In light of the clear and unambiguous language in the contract, we cannot consider what John Zaremski's understanding was regarding the scope of the condition. One reason for this conclusion is that the parties' disagreement regarding the meaning of contract language does not, by itself, create an ambiguity. *Gortney v Norfolk & W R Co*, 216 Mich App 535, 540; 549 NW2d 612 (1996). Additionally, because we have already concluded that the language of the condition is unambiguous, one party's understanding of what was intended by the language is irrelevant to determining what the language actually says. *Zurich Ins Co v CCR & Co (On Rehearing)*, 226 Mich App 599, 604-605; 576 NW2d 392 (1997).

[4] Indeed, Harbor Park Market did not present evidence or even claim that the Grondas told Stedman to disapprove Harbor Park Market's agreement. William Gronda testified that he did not speak with Stedman regarding either purchase agreement, and Stedman concurred that he did not speak with either the Grondas or their real estate agent before he reviewed the purchase agreements.

ment to Stedman in a timely manner, and the agreement required them to do no more. Nor did it prevent the Grondas from submitting other offers to Stedman before he decided whether to approve the Harbor Park Market offer. Thus, it cannot be disputed that the Grondas did not fail to perform as required under the contract.

In similar situations, courts have routinely held that submitting a second, competing agreement for review when not precluded by the contract does not constitute a waiver of the condition precedent. Several of our sister states have provided some insightful cases on this precise point. In *Ulrich v Daly*, 225 AD2d 229, 231; 650 NYS2d 496 (1996), for example, the court ruled that bad faith in preventing the occurrence of an attorney's approval could not be established by submitting a second offer to the attorney while the first conditional agreement was still before the attorney:

> It is clear that in comparing the various terms of the other offer with the corresponding terms of the parties' contract, defendants' attorney considered the contract. That the attorney's review of the matter included consideration of the other offer does not establish bad faith, for the attorney approval clause does not prohibit consideration of extrinsic matters.

Likewise, in *Stevens v Manchester*, 128 Ohio App 3d 305; 714 NE2d 956 (1998), the Ohio Court of Appeals held that a broad attorney-approval clause gave the attorneys the right to reject the contract for any reason, including a better competing offer:

> In short, the evidence does not support the trial court's finding that the sellers or their attorneys acted in bad faith in disapproving Stevens's offer. The attorney-approval clause gave the sellers' attorneys the right to disapprove Stevens's offer for any reason. Stevens did not object to the

> language contained in the clause. The sellers' attorneys testified that they disapproved the contract based on potential tax problems for their clients associated with the purchase-price-allocation clause and the architect, inspection, and financing contingencies contained in Stevens's offer. Even assuming, as the trial court did, that the attorneys rejected Stevens's offer solely to accept the more favorable EZRA offer, such action does not constitute bad faith. [*Id.* at 314.]

See also *Flynn v Hanna*, 204 Or App 760, 769, 775; 131 P3d 844 (2006), where the court found, in part, that because the defendants submitted the agreement for review and did not instruct their attorney to disapprove the agreement, they did not hinder the fulfillment of the condition precedent that their attorney and accountant approve the purchase agreement.[5]

After a review of the record, we conclude that the trial court erred in holding that the Grondas acted in bad faith by submitting to Stedman the Carleton and Harbor Park Market conditional agreements at the same time. As we have already made clear, the contract did not forbid the Grondas from considering other offers, and it did not require them to take their property off the market while the attorney was reviewing plaintiff's offer. Considering that the second purchase agreement was not legally impermissible where the first was only conditionally accepted, it was not a bad-faith act to accept it and submit it for review. Any conclusion to the contrary is in disregard of the contract language, and is not a correct conclusion of law.

---

[5] Our reading of the plain language of the contract, as well as the foregoing caselaw, are consistent with a well-known treatise that similarly indicates that when the conduct that is alleged to have prevented performance is permitted by either the express or the implied terms of the contract, the doctrine of prevention does not apply and the condition precedent is not waived by the conduct. 13 Williston on Contracts (4th ed), § 39:11, pp 545-546.

Finally, as we have noted previously, " '[w]here "dickering" as we know the term in our system is going on there is nothing legally impermissible in trying to better an offer that has had conditional acceptance only.' " *Weitting v McFeeters,* 104 Mich App 188, 198; 304 NW2d 525 (1981), quoting *Meyering v Russell,* 53 Mich App 695, 710; 220 NW2d 121 (1974) (O'HARA, J., dissenting in part and concurring in part). Because the condition precedent in the Harbor Park Market agreement was not satisfied, the purchase agreement is not enforceable, and the trial court's order requiring specific performance of that agreement was error. *Mikonczyk, supra* at 350; *Berkel, supra* at 420.

Reversed and remanded for entry of judgment in defendants' favor. We do not retain jurisdiction.