# STATE OF MICHIGAN

# COURT OF APPEALS

DEPOSITORS INSURANCE COMPANY,

        Plaintiff-Appellee,

v

DAHLIA LUERA-HARRIS, Personal
Representative for the Estate of ANTHONY
HARRIS, JOYE MICHELLE COCHRAN,
Personal Representative for the Estate of TAYLER
SCOTT COCHRAN, and CHRISTINE
BOSSENBERY, Personal Representative for the
Estate of HOLLY M. BOSSENBERY,

        Defendants-Appellants,

and

JORDAN ROBERT HENIKA,

        Defendant.

UNPUBLISHED
January 13, 2015

No. 318269
Ingham Circuit Court
LC No. 12-001330-CK

Before: TALBOT, P.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

In this suit for declaratory relief concerning the coverage for a homeowner's insurance policy, defendants, the Estate of Anthony Harris, the Estate of Tayler Scott Cochran, and the Estate of Holly M. Bossenbery (collectively the Estates), by their personal representatives, appeal by right the trial court's order granting plaintiff Depositors Insurance Company's motion for summary disposition under MCR 2.116(C)(10). On appeal, the Estates argue the trial court erred when it determined that Depositors Insurance had no duty to defend its insured, defendant Jordan Robert Henika, against the Estates' claims that Henika's negligence proximately caused the accident that killed Harris, Cochran, and Bossenbery. Because the trial court correctly determined that Depositors Insurance's policy did not apply to the claims at issue, we affirm.

## I. BASIC FACTS

On the night of January 29 to January 30, 2011, Henika and his roommates hosted a party at their East Lansing apartment. Harris, Cochran, and Bossenbery attended the party. Henika

-1-

and his roommates provided alcohol to the partygoers, including minor Brett Johnson. Harris, Cochran, and Bossenbery left with Johnson. Johnson, who was legally intoxicated, drove the vehicle. Johnson later lost control and the vehicle crashed broadside into a tree. Harris, Cochran, and Bossenbery died in the accident. The Estates later sued Johnson, Henika, and Henika's roommates for wrongful death.

Henika's father purchased a homeowner's insurance policy from Depositors Insurance. The policy included coverage for personal liability claims:

## A. Coverage E – Personal Liability

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" or "personal injury" to which this coverage applies, we will:

**1.** Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured", and

**2.** Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" has been exhausted by payment of a judgment or settlement.

The policy also has a motor vehicle exclusion that states that the applicable coverage does not apply to any "motor vehicle liability" if, "at the time and place of an 'occurrence'" the motor vehicle had to have been registered. "Motor Vehicle Liability" is defined as "Liability for 'bodily injury' or 'property damage' arising out of the: . . . Maintenance, occupancy, operation, use, loading or unloading of such vehicle or craft by any person."

In November 2012, Depositors Insurance sued for declaratory relief. It asked the trial court to declare that the policy at issue did not cover claims against Henika for proximately causing the accident by wrongfully serving alcohol to Johnson. As such, it asked the trial court to declare that Depositors Insurance had no duty to defend Henika or provide coverage to the extent that he might be found liable.

Depositors Insurance moved for summary disposition under MCR 2.116(C)(10) in May 2013. It argued that, under the undisputed facts, Henika's actions did not constitute an "accident" and, therefore, there was no "occurrence." In the alternative, Depositors Insurance argued that coverage was excluded under the exclusion for "motor vehicle liability" because Harris, Cochran, and Bossenbery died in a motor vehicle accident. It further argued that the exclusions for "expected or intended injury," the "business" exclusion, and the "controlled substance" exclusion also applied to the facts.

The trial court agreed that Henika should have reasonably foreseen that harm would occur when he provided alcohol to minors and, therefore, there was no "accident" and no "occurrence" as defined in the policy. The trial court also concluded that the "motor vehicle

-2-

liability" exclusion would apply even if there had been an "occurrence." For these reasons, it determined that Depositors Insurance had no duty to defend or indemnify Henika and granted the motion for summary disposition.

This appeal followed.

## II. SUMMARY DISPOSITION

### A. STANDARDS OF REVIEW

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Grandberry-Lovette v Garascia*, 303 Mich App 566, 572; 844 NW2d 178 (2014). This Court also reviews de novo the proper interpretation of an insurance agreement. *Henderson v State Farm Fire & Cas Co*, 460 Mich 348, 353; 596 NW2d 190 (1999).

### B. ANALYSIS

"[I]nsurance policies are subject to the same contract construction principles that apply to any other species of contract." *Rory v Continental Ins Co*, 473 Mich 457, 461; 703 NW2d 23 (2005). An unambiguous insurance policy must be enforced as written. *Id.* at 468. If there are two reasonable interpretations of a contract, factual development is necessary and summary disposition is inappropriate. *Meagher v Wayne State Univ*, 222 Mich App 700, 722; 565 NW2d 401 (1997). However, awkward wording or a clumsy arrangement of words will not make a contract ambiguous if, despite the awkward language, the contract "admits of but one interpretation." *Id.* And mere disagreement about the meaning of a provision does not, by itself, render it ambiguous. *Harbor Park Market, Inc v Gronda*, 277 Mich App 126, 133 n 3; 743 NW2d 585 (2007).

The threshold question in this case concerns whether there was an occurrence sufficient to trigger coverage. "Occurrence" is defined in the policy to mean "an accident," which results in bodily injury or property damage. The term "accident" is not defined in the policy. When such is the case, our Supreme Court has held that the term "accident" must be construed according to its ordinary meaning. *Frankenmuth Mut Ins Co v Masters*, 460 Mich 105, 113-114; 595 NW2d 832 (1999). The ordinary understanding of the term "accident" is "an undesigned contingency, a casualty, a happening by chance, something out of the usual course of things, unusual, fortuitous, not anticipated, and not naturally to be expected." *Id.* (quotation marks and citation omitted). The definition must also be "framed from the standpoint of the insured, not the injured party." *Id.* at 114. Because "an insured need not act unintentionally in order for the act to constitute an accident," it is important to "distinguish between intentional acts that can be classified as 'accidents' and those that cannot." *Id.* at 115 (quotation marks and citation omitted). If the harm was either "intended by the insured or reasonably should have been expected because of the direct risk of harm intentionally created by the insured's actions," the intentional act cannot be classified an accident. *Id.* (quotation marks and citation omitted). The intentional act at issue in the present case is Henika's provision of alcohol to minors and the resulting harm is the car crash.

This Court examined a similarly worded contract in a case where the alleged conduct was, as here, the intentional provision of alcohol to minors. *Allstate Ins Co v Morton*, 254 Mich

App 418; 657 NW2d 181 (2002). In *Morton*, the plaintiff alleged that the insured provided alcohol to minors at a party and that the plaintiff's minor was given so much alcohol that she passed out. After she passed out, another minor, who had also received alcohol from the insured, sexually assaulted the plaintiff's minor. *Id.* at 419-420. This Court held that the provision of alcohol to the minors did not constitute an accident within the meaning of the insurance policy "because [the insured] reasonably should have expected that giving minors enough alcohol to allow them to pass out would result in harm." *Id.* at 422. It did not matter, the Court stated, that the specific harm that occurred was another minor's intentional rape instead of alcohol poisoning. *Id.* at 422-423.

The rationale stated in *Morton* controls the outcome in the present case. In both cases the actual harm was not caused by the provision of the alcohol, but through acts by a minor who consumed the alcohol. And as in *Morton*, it does not matter if the actual harm was inflicted by a third party (Johnson) so long as the insured (Henika) should have reasonably expected that harm would occur. *Id.* at 422. Similarly, it does not matter that the harm that did occur exceeded the harm that the insured actually expected. See *Masters*, 460 Mich at 116-117.

It also does not matter that Henika did not give the minors enough alcohol to cause them to pass out, because the resulting harm was not the kind of harm that is caused by passing out. In *Morton*, giving the plaintiff's daughter enough alcohol to pass out made the girl vulnerable to a physical assault. In the case at hand, the resulting harm was the negligent operation of a vehicle. Therefore, Depositors Insurance only had to show that Henika provided enough alcohol to the minors for him to reasonably foresee that it might impair their ability to drive. Even if Henika did not provide the minors with enough alcohol to pass out, he provided them with enough alcohol to create a situation where it was foreseeable that a minor who had consumed alcohol would operate a vehicle in a negligent manner.

Because Henika's actions created a direct risk of harm that was reasonably foreseeable, the result at issue here—a vehicular crash—cannot be said to be accidental; accordingly, there was no occurrence within the meaning of the insurance policy. *Masters*, 460 Mich at 115-116.

### III. CONCLUSION

The trial court did not err when it determined that there was no occurrence, as that term has been defined under the policy. Accordingly, Depositors Insurance had no duty to provide a defense or coverage to Henika. And the trial court properly granted Depositors Insurance the requested relief on summary disposition. Because our resolution of this issue is dispositive, we decline to address the remaining arguments made on appeal.

Affirmed.

/s/ Michael J. Talbot
/s/ Mark J. Cavanagh
/s/ Michael J. Kelly

-4-