# STATE OF MICHIGAN

# COURT OF APPEALS

TRAVELERS INDEMNITY COMPANY, as
subrogee of DRG CLEARVIEW, L.L.C., d/b/a
CLEARVIEW APARTMENT HOMES,

          Plaintiff-Appellant/Cross-Appellee,

v

BARBARA PELLOW,

          Defendant-Appellee/Cross-
          Appellant.

UNPUBLISHED
May 24, 2016

No.  325934
Ottawa Circuit Court
LC No.  13-003524-CK

Before:  O'BRIEN, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

In this breach-of-contract action, plaintiff, Travelers Indemnity Company, a subrogee of DRG Clearview, L.L.C., d/b/a Clearview Apartment Homes, appeals, and defendant, Barbara Pellow, cross-appeals, the trial court's January 23, 2015 order granting summary disposition in plaintiff's favor pursuant to MCR 2.116(C)(10) and awarding plaintiff $15,421.08 in damages. On appeal, plaintiff also challenges the trial court's September 26, 2014 order granting summary disposition in defendant's favor pursuant to MCR 2.116(C)(10).  We affirm in part, vacate in part, and remand for further proceedings.

Defendant and her boyfriend signed a lease agreement with Clearview Apartment Homes in 2009.  During the lease, defendant's boyfriend used a torch on the apartment's wooden deck to burn the fur off of a squirrel.  After doing so, defendant's boyfriend left the torch on the deck and entered the apartment.  Approximately 15 minutes later, he realized that a fire had started near where he had left the torch, and his attempts to extinguish that fire proved unsuccessful.  It appears undisputed that defendant's boyfriend's actions were the cause of the fire.  The fire resulted in substantial damage to the entire apartment complex.  Travelers Indemnity Company, as Clearview's insurance provider, paid in excess of $2,000,000 to repair damage that occurred to the apartment complex as a result of the fire.  While it is undisputed that defendant was sleeping during the fur-burning escapade, plaintiff sued defendant for the cost of the repairs at issue.  Plaintiff argued that defendant was contractually liable under the lease agreement, which provided, in pertinent part, that defendant and her boyfriend were "liable . . . for any fire, water, or other damage . . . negligently or intentionally caused by" defendant, her boyfriend, "or any guests thereof[.]"  The lease also provided that, if the apartment was "rendered un-tenantable by

-1-

the negligent or intentional acts of [these individuals, then they] shall continue to be liable for Rent in the amount provided in the Agreement."[1]

Defendant moved for summary disposition pursuant to MCR 2.116(C)(10). Relying on MCL 600.2956's purported abolishment of joint and several liability,[2] she argued that the provisions quoted above were void under MCL 554.633(1)(m)[3] of the Michigan Truth in Renting Act (MTRA), MCL 554.6531 *et seq.*, because any provision purporting to render a party jointly and severally liable violated MCL 445.903(1)(n) and (t)[4] under the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq.* The trial court agreed. It concluded that, because the lease agreement imposed liability for fire and water damage only according to fault, which implicated tort standards, MCL 600.2956 applied. It therefore granted defendant's motion. It did, however, provide plaintiff with an opportunity to amend its complaint to include allegations involving lost rent and repairs to the air conditioning equipment, heating equipment, and appliances, explaining that the analysis described above did not apply to these specific damages because there was not a specific level of fault required under the parties' lease agreement. Plaintiff did so, the parties stipulated that defendant suffered $15,421.08 in those specific damages, and summary disposition in that amount was awarded to plaintiff pursuant to MCR 2.116(C)(10).

On appeal, plaintiff argues that the trial court erred in granting defendant's motion for summary disposition because it erroneously concluded its lawsuit impermissibly implicated tort theories. We agree. "[A] 'tort' is an act that has long been understood as a civil wrong that arises from the breach of a legal duty other than the breach of a contractual duty." *In re Bradley Estate*, 494 Mich 367, 381; 835 NW2d 545 (2013). "Michigan case law expressly provides that an action in tort may not be maintained where a contractual agreement exists, unless a duty, separate and distinct from the contractual obligation, is established." *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 52; 649 NW2d 783 (2002). When a lawsuit arises from a breach of

---

[1] The lease agreement provided that the "Resident" was liable for the damages described above, and, according to ¶ 26 of the agreement, "[i]f there shall be more than one Resident, they shall be jointly and severally liable hereunder."

[2] MCL 600.2956 provides that, "in an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each defendant for damages is several only and is not joint."

[3] MCL 554.633(1)(m) provides that "[a] rental agreement shall not include a provision that" "[v]iolates the Michigan consumer protection act[.]"

[4] MCL 445.901(1)(n) and (t) define "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce [that] are unlawful" as those that "[c]aus[e] a probability of confusion or of misunderstanding with respect to the authority of a salesperson, representative, or agent to negotiate the final terms of a transaction" or those where a consumer "[e]nter[s] into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it."

promise, the lawsuit is a breach-of-contract lawsuit. *Hart v Ludwig*, 347 Mich 559, 563; 79 NW2d 895 (1956).

In *Laurel Woods Apartments v Roumayah*, 274 Mich App 631, 642; 734 NW2d 217 (2007), this Court expressly held that a lease agreement providing for joint and several liability was "not precluded by MCL 600.2956."[5] The same is true here. Stated simply, plaintiff's lawsuit is a breach-of-contract lawsuit. Plaintiff's claim, i.e., that defendant breached her contractual duty to be held liable for fire and water damage resulting from her, her boyfriend's, or any of their guests' conduct, is clearly a breach-of-contract claim. Plaintiff has not alleged any breach of a duty that is "separate and distinct" from those duties that are contractually imposed under the parties' lease agreement. Contrary to the trial court's conclusion, the fact that the parties' lease agreement mentioned negligence and intentional misconduct does not automatically transform this breach-of-contract action into a tort action, nor does it create a hybrid tort-contract lawsuit where MCL 600.2956 rewrites the agreement that the parties voluntarily entered into as defendant suggests. As our Supreme Court has explained, "[t]o adopt the position that MCL 600.2956 renders express contractual indemnification clauses unenforceable would require that we negate the parties' contract. We find no language in the statute, nor any compelling public policy, that would require us to do so." *Zahn v Kroger Co of Mich*, 483 Mich 34, 39; 764 NW2d 207 (2009).

Defendant's position before the trial court and before this Court is without merit. She claims that, because she is immune from joint and several liability under MCL 600.2956, her agreement to be jointly and severally liable in the parties' lease agreement violated the MCPA and is void under the MRTA. However, contrary to her argument and the trial court's conclusion, MCL 600.2956 is inapplicable because plaintiff's breach-of-contract lawsuit is precisely that—a breach-of-contract lawsuit for contract damages. Nothing in MCL 600.2956 precludes defendant from contractually agreeing to be jointly and severally liable for the damage at issue. While defendant now takes issue with the fact that the provisions of the lease agreement at issue were never "explained to her, nor was she ever told that there were provisions in the lease which would attempt to impose liability on her for something else someone else did," she does not provide, and we are unable to find, any legal authority requiring someone else, presumably plaintiff on its own initiative, to read and explain the lease agreement that she signed to her in a manner that she later deems satisfactory. Indeed, because defendant signed the

---

[5] We reject defendant's claim that "*Laurel Woods* has no applicability to the present appeal." In short, the holding in *Laurel Woods Apartments*—that MCL 600.2956 does not preclude the imposition of contract-based joint and several liability—directly addresses the issue raised in this case. While she, like the trial court, claims that the use of tort concepts, i.e., negligence and intentional misconduct, transform this breach-of-contract action into a tort or hybrid tort-contract action, we disagree for the reasons set forth in this opinion. Additionally, she claims that the fact that she raised issues relating to the MTRA and the MCPA renders *Laurel Woods Apartments* inapplicable. However, that argument relies on the trial court's conclusions that this lawsuit sounded, at least somewhat, in tort and that the lease agreement was apparently too confusing to be understood, both of which are conclusions that we reject.

parties' lease agreement, she is presumed to have read and understood its contents. *Watts v Polaczyk*, 242 Mich App 600, 604; 619 NW2d 714 (2000).

Defendant also argues that joint and several liability does not apply in this situation because only one person, her boyfriend, was at fault. Instead, she argues, plaintiff's lawsuit actually implicates vicarious liability. This position is without merit as well. Where a party agrees to be jointly and severally liable for damage caused by another person, that party may be held liable for that damage regardless of his or her fault. *Laurel Woods Apartments*, 274 Mich App at 642. Thus, joint and several liability is precisely the form of liability that is at issue in this case. Vicarious liability, on the other hand, is entirely inapplicable as it is premised on the policy-based determination that one person should be liable for the actions of another due to their relationship. *Al-Shimmari v Detroit Med Ctr*, 477 Mich 280, 294; 731 NW2d 29 (2007). In short, we are unaware of, and defendant does not indicate, any relationship between the parties, other than the joint-and-several one, that imposes policy-based liability on defendant for her boyfriend's actions. Thus, we conclude that the trial court erred in granting summary disposition in defendant's favor.

On cross-appeal, defendant argues that the trial court erred in concluding that she was liable for lost rent and repairs to the air conditioning equipment, heating equipment, and appliances. We disagree. "The goal of contract interpretation is to first determine, and then enforce, the intent of the parties based on the plain language of the agreement." *Harbor Park Market, Inc v Gronda*, 277 Mich App 126, 130; 743 NW2d 585 (2007). "If the language of the contract is unambiguous, we construe and enforce the contract as written." *Quality Prod & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 375; 666 NW2d 251 (2003). And, as stated above, where a party contractually agrees to be held jointly and severally liable for another's actions, he or she can, indeed, be held liable for the same. *Laurel Woods Apartments*, 274 Mich App at 642.

In this case, the plain language of the parties' lease agreement unequivocally provides that defendant and her boyfriend were liable for lost rent if the apartment were to become un-tenantable due to their actions. It also unequivocally provides that defendant and her boyfriend were liable for the repair cost to the heating equipment, air conditioning equipment, and appliances where such repairs are necessary due to the same. While defendant claims that she cannot be held liable because she was not at fault, the parties' lease agreement, i.e., the provisions imposing joint and several liability, expressly and unequivocally provide otherwise, and, as stated above, we reject her argument that she is immune from the contractual liability that she voluntarily agreed to.

Accordingly, we reverse the trial court's September 26, 2014 order granting defendant's motion for summary disposition. While we affirm the trial court's January 23, 2015 order to the extent that it holds defendant liable for lost rent and the repair costs to the air conditioning equipment, heating equipment, and appliances, we vacate its January 23, 2015 order as to the amount of damages awarded. On remand, the trial court is to enter an order granting summary disposition in plaintiff's favor in full and determine the appropriate amount of damages in light of the entry of that order.

     Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff, as the prevailing party, may tax costs pursuant to MCR 7.219.


                                      /s/ Colleen A. O'Brien
                                      /s/ Kirsten Frank Kelly
                                      /s/ Karen M. Fort Hood