# STATE OF MICHIGAN

# COURT OF APPEALS

SEAN BANKS II, by next friend, SHARON CLARK,

        Plaintiff-Appellant,

v

CHRISTOPHER LEE LASTER and VALERIE LASTER,

        Defendants,

and

AAA INSURANCE,

        Defendant-Appellee.

UNPUBLISHED
September 15, 2016

No. 327416
Wayne Circuit Court
LC No. 14-001018-NI

Before: CAVANAGH, P.J., and SAAD and FORT HOOD, JJ.

PER CURIAM.

In this action to recover uninsured motorist benefits (UM benefits), plaintiff Sean Banks II, by his next friend Sharon Clark, appeals as of right the trial court's order granting defendant AAA Insurance's motion for summary disposition pursuant to MCR 2.116(C)(10).[1] We affirm.

The facts regarding the underlying motor vehicle accident are essentially undisputed. At approximately 10:30 p.m. on June 13, 2013, Sharon returned to her Detroit home from a trip to the grocery store with friends. She was a passenger in a 2003 Honda Civic operated by Darcia Davis. After Davis parallel parked curbside on eastbound Kercheval Avenue, Sean, then 15 years old, came off the porch and greeted his mother and her friends. He then went to the opened trunk of the Honda Civic to help unload groceries from the vehicle. First, however, Sean rummaged through the grocery bags looking for a certain food item. As Sean leaned into the

---

[1] Plaintiff's complaint also asserted a third-party automobile negligence claim against defendants, Christopher Lee Laster and Valerie Laster. A default judgment was entered against the Lasters on May 4, 2015.

-1-

trunk, he was struck by a GMC Envoy turning left onto eastbound Kercheval from southbound Van Dyke. Essentially, the driver of the GMC Envoy, Christopher Laster, turned too wide and rear-ended the Honda Civic.[2] Sean sustained serious injuries as a consequence of the impact. At the time of the accident, the Honda Civic was insured under a no-fault policy issued by AAA. Laster's vehicle was uninsured.

Plaintiff filed this action seeking, among other things, UM benefits under the AAA policy. AAA moved for summary disposition pursuant to MCR 2.116(C)(10). AAA admitted that Sean potentially would be entitled to recover UM benefits if he were "occupying" the Honda Civic when he sustained his injuries, but argued that there was no genuine issue of material fact that Sean was not "occupying" the Honda Civic at the time he was injured. In response, plaintiff argued that because he was leaning against the bumper and "in" the trunk sorting through the groceries, he was occupying the vehicle within the meaning of the policy. At the very least, a question of fact existed, thereby precluding summary disposition. The trial court concluded that because Sean was not "occupying" the insured vehicle, he was not entitled to UM benefits.

On appeal, plaintiff argues that he was entitled to UM benefits because he was struck by an uninsured motorist while "in, getting into or getting out of" the trunk of the insured vehicle. We disagree.

This Court reviews a decision on a motion for summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). When considering a motion under MCR 2.116(C)(10), a reviewing court must consider any affidavits, pleadings, depositions, admissions, or other evidence submitted by the parties in the light most favorable to the party opposing the motion. *Id*. at 120, citing MCR 2.116(G)(5). "Summary disposition is properly granted if the proffered evidence fails to establish a genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Klein v HP Pelzer Auto Sys, Inc*, 306 Mich App 67, 75; 854 NW2d 521 (2014).

At issue in this appeal is plaintiff's entitlement to UM benefits under a no-fault policy of insurance issued for the 2003 Honda Civic.[3] As the parties have noted, uninsured motorist coverage is optional, "it is not compulsory coverage mandated by the no-fault act." *Rory v Continental Ins Co*, 473 Mich 457, 465; 703 NW2d 23 (2005). Consequently, the rights and liabilities of the parties are contractual and are to be "construed without reference to the no-fault act." *Id*. at 465-466. Because an insurance policy is tantamount to any other contract, this Court

---

[2] Based on the testimony of two neighbors, Katrice Kinkle and Stefanie Kinkle, there is some suggestion that Sean was unloading groceries from the rear passenger door at the time of the impact. However, when presented with conflicting testimony, Katrice readily admitted that Sean could have moved to the back of the Honda Civic. In any event, this factual discrepancy is irrelevant to the issues presented in this appeal. Plaintiff does not seriously rely on this testimony in support of her position that Sean was "in the vehicle" at the time of his injuries. Plaintiff clearly relies on Sean's testimony that he was unloading groceries from the trunk.

[3] The policy provided for $100,000.00 in UM benefits.

is required to apply contract principles when interpreting the agreement of the parties. *Id.* at 461. "The goal of contract interpretation is to first determine, and then enforce, the intent of the parties based on the plain language of the agreement." *Harbor Park Market, Inc v Gronda*, 277 Mich App 126, 130; 743 NW2d 585 (2007). "[U]nless otherwise defined in the policy, its terms will be read and enforced according to their 'commonly used meaning.'" *Home-Owners Ins Co v Smith*, ___ Mich App ___; ___ NW2d ____ (2016) (Docket No. 322694); slip op at 3. Applying the foregoing principles to the terms of the policy, we conclude that Sean was not "occupying" the vehicle so as to be entitled to UM benefits.

Part III of the policy provides for uninsured and underinsured motorist coverage to an "insured person" under the policy. An "insured person" is defined as the policy holder and any "resident relative" or "any other person "*occupying* your vehicle."[4] The policy defines "occupying" or "occupied" to mean "in, getting into or getting out of" the vehicle. Plaintiff does not contend that Sean was "getting into" or "getting out of" the vehicle. Instead, plaintiff asserts that he was "in" the vehicle. We disagree. Although the policy does not define "in," employing the "commonly used meaning" of that term, Sean was not "in" the trunk. See *id.* Sharon testified that she told Sean to help unload the groceries. Sean went to the back of the vehicle, but he intended to grab the Hot Pockets first before unloading the other groceries. Sean further testified:

> *Q.* So, after you talked with Denia, then you went to the back of the car?
>
> *A.* Yes.
>
> * * *
>
> *Q.* Then you stuck your head inside the trunk?
>
> *A.* Yes.
>
> *Q.* Was your head in the trunk when the lights went out?
>
> *A.* Yes.
>
> *Q.* Were your shoulders in the trunk when the lights went out?
>
> *A.* Yes.
>
> *Q.* And when I say lights went out, I mean you told us earlier that the next thing you remember you were in the hospital?
>
> *A.* Yes.

---

[4] Darcia Davis was the registered owner of the vehicle. Javonne Ransome, Darcia's mother, was the principal named insured. Darcia was identified as an additional named insured under the policy.

*Q.* You remember your shoulders being in the trunk?

*A.* Yes.

*Q.* Before the lights went out, where were your hands?

*A.* Rambling through bags looking for Hot Pockets.

*Q.* Where were the bags when you were rambling through the bags?

*A.* In the trunk.

*Q.* You said earlier that you had leaned into the trunk?

*A.* Yes.

*Q.* Immediately before the lights went out, where were your legs?

*A.* Leaning against the bumper. The back bumper.

*Q.* Do you remember that you were touching the bumper when the lights went out?

*A.* Yes.

Both of Sean's feet were on the ground beside the vehicle. And although he was leaning against the bumper, his upper body, while colloquially being described as "in the trunk," was actually simply hovering above the trunk. Sean did not testify that any part of his body had any physical contact with any part of the interior floor or sides of the trunk. Indeed, the only things actually "in" the vehicle were the bags of groceries. Although we would not go so far as to require, as AAA suggests, that a person's whole body be within the passenger compartment of the vehicle, the circumstances in this case are insufficient as a matter of law to find that Sean was "in" the Honda Civic at the time it was struck by Laster's uninsured vehicle.

Plaintiff relies on this Court's decision in *Westfield Ins Co v Ken's Service*, 295 Mich App 610; 815 NW2d 786 (2012). In *Westfield*, the claimant, a tow-truck driver, was struck by an errant car while he stood at the side of his tow truck operating the control levers. *Id.* at 612. Although *Westfield* involved an underinsured motorist claim, the language of the policy defined "occupying" to mean "in, upon, getting in, on, out or off." *Id.* at 612-613. This Court concluded that the tow-truck driver was not occupying the vehicle when he sustained his bodily injury. The resolution of that case turned on whether the claimant was "upon" the vehicle. This Court stated that "[a]t the time of impact, [the claimant] was not in the vehicle, nor was he getting in, on, out, or off the vehicle." *Id.* at 617-618. Here, plaintiff argues that *Westfield* is persuasive because it is distinguishable from the present case. Plaintiff argues: "Unlike the injured party in *Westfield*, the minor Plaintiff in this case was in or getting into or getting out of the trunk of the vehicle at the time he was struck by the uninsured motorist." We fail to comprehend how the decision in *Westfield*, even when used in contrast to the present matter, supports plaintiff's argument. In any

event, because the *Westfield* case involved different policy language, it is factually distinguishable and inapposite.

Finally, although plaintiff asserts an ambiguity, plaintiff has failed to persuasively demonstrate how the policy language at issue is ambiguous. A contract is ambiguous when, after considering the entire contract, its words may reasonably be understood in different ways. *Farm Bureau Mut Ins Co of Mich v Nikkel*, 460 Mich 558, 566; 596 NW2d 915 (1999) (citation omitted). Although plaintiff has cited general platitudes regarding contract ambiguity, he has not clearly explained how the word "in" may reasonably be understood in different ways. Indeed, the use of the word "in" is not ambiguous or in dispute. Whether Sean's positioning fell within that meaning was the ultimate issue.

In summary, the trial court properly granted defendant AAA Insurance's motion for summary disposition with regard to plaintiff's uninsured motorist claim.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Henry William Saad
/s/ Karen M. Fort Hood